U. STATES
v.
HANFORD.

UNITED STATES *against* HANFORD & ELY.

SAME *against* J. & C. HANFORD.

A JUDGMENT was docketted in the first cause, on the 26th of *November*, 1817, and in the second cause, on the 28th of *May*, 1817, and executions issued in *January*, 1818. Upon the application of the defendants, the executions were withdrawn, and the attorney for the plaintiffs consented to receive certain securities, and apply the proceeds, as collected, to certain other bonds, in his hands, and the above judgments. The amount collected not being sufficient to satisfy the bonds and judgments, the attorney of the plaintiffs called on the defendants to adjust and pay the amount due on the judgments. The defendants requested indulgence, from time to time, promising to pay the balance due. After being so indulged with time until *January*, 1821, the attorney of the plaintiffs issued executions anew; but, by mistake, the name of the late Chief Justice was inserted in the teste of the writ.

*Where an execution is delayed for more than a year and a day, at the request, or with the consent, of the defendant, or by an injunction out of chancery, obtained by him, the plaintiff may take out execution, without a previous scire facias.*

*Van Buren*, for the defendants, moved to set aside the executions for irregularity: 1. Because, they were tested in the name of the former Chief Justice; and, 2. because the judgments had not been revived by *scire facias*. He cited, 2 *Wils.* 82. 3 *Salk.* 322. *Barnes*, 205. 1 *Sellon's Pr.* 515.

*J. C. Spencer*, contra, asked leave to amend the executions, by inserting the name of the present Chief Justice, on reading an affidavit of its being a clerical mistake. He insisted, that as the delay of execution was at the request, and in favour, of the defendants, it was not necessary to sue out a *scire facias*. (2 *Tidd's Pr.* 1005. 2 *Burr.* 660. 6 *Bac. Abr. Scire Facias*, C.)

*Per Curiam.* The plaintiffs may amend their writs. Where the execution is delayed for a year, at the request,

ALBANY,
August, 1821.

and for the benefit, of the defendant, the reason of the rule requiring a *scire facias* does not apply. In *Mitchell* v. *Cue,* (2 *Burr.* 660.) the court of K. B. said, that the rule as to reviving a judgment above a year old, was to prevent *surprise* on the defendant; and that where he himself had, by injunction, and other methods, tried to delay the plaintiff, he ought not to be allowed to take advantage of it, to the prejudice of the plaintiff. Here the circumstances are equally strong for creating an exception to the rule. The executions had been delayed, from time to time, at the urgent and repeated request of the defendants, down to the time when they were delivered to the sheriff. There was no reason or necessity, under these circumstances, for issuing a *scire facias.*

