## GEORGE HANCOCK AND OTHERS V. NANCY METZ.

All the parties aggrieved by the judgment, plaintiffs, defendants and intervenors may join in prosecuting a writ of error, and may ask a revisal of the judgment, in those matters wherein it affects injuriously or erroneously, their respective rights.

Where there is a valid judgment, irregularities in the issuance of executions, must be taken advantage of by the proper person and in proper time, or they will not affect the validity of the title of the purchaser at a sale under the execution.

Where judgment was obtained in 1840, and it was proved that an execution was issued same year but never returned, and an execution was issued 'in 1847, to another county, in the form of an original, without affidavit that no property could be found in the county, upon which execution real estate was levied and sold, it was held, in an action by the representatives of the judgment debtor, against the vendee of the purchaser, commenced in 1849, to recover the property, that the title of the purchaser at the execution sale was not affected by the irregularities in the issuance of the executions, but was valid.

Error from Travis. Action of trespass to try title to lot number two in block number eighty-three, in the city of Austin, by George Hancock against Nancy Metz. Intervention by the administrators of Benjamin S. Grayson. Hancock gave in evidence patent from Republic to Benjamin S. Grayson, dated February 10th, 1846; power of attorney from Benjamin S. Grayson to Thomas W. Grayson, dated November 24th, 1847; he then offered in evidence a paper purporting to be a deed poll, dated September 30th, 1848, from Thomas W. Grayson, agent and attorney of Benjamin S. Grayson, signed in that way, without seal or scroll, though purporting to be under seal, which, on objection was ruled out, to which ruling Hancock excepted.

The interveners then introduced the said patent; and proved the possession of the property by defendant, and the value of the mesne profits.

The defendant then introduced a transcript from the records

of the District Court of Brazoria county, containing a judgment in favor of Lewis C. Ferguson against John M. Shreve and Benjamin S. Grayson, dated October 30th, 1840 ; December 10th, 1840, affidavit for garnishment ; December 18th, writ of garnishment ; served January 18th, 1841, on the garnishee ; execution, November 15th, 1847, in the usual form of an original, to the Sheriff of Travis county, levied on the lot in controversy, appraised and sold for its appraised value ; then followed : It appears from the records of the Court, that on the 17th day of November, 1840, an execution was issued in this case, directed to the Sheriff of Travis county, which execution has not been returned. Then followed the certificate of authentication, to the effect that the same was a complete transcript of the record.

The defendant also proved by the person who was Clerk of the District Court of Brazoria county in 1840, the issue of the execution to Travis county in November of that year, and that it appeared from the execution docket that it was never returned. The defendant then gave in evidence deed from Sheriff of Travis county dated January 4th, 1848 to James Knight, recorded January 6th, 1848 ; deed from Knight to the defendant, dated April 13th, 1849.

The intervenors proved that the defendant had possession of the property, under Grayson, from 1846 up to the date of her purchase from Knight.

The intervenors excepted to the admission of the certificate of the Clerk of Brazoria county, as to the execution of 1840 ; also to the admission of the testimony of the then Clerk respecting the same ; also to the admission of the execution to Travis in 1847, and the return thereon ; also to the admission of the deed from the Sheriff to Knight, the objections in this last instance were stated as follows : that the execution was void, there being no valid and subsisting judgment authorizing its issuance ; that nothing appeared to authorize the issue of an original execution to a county other than that in which the

judgment was rendered ; there was no proof of the issuance of any execution prior to the one of November, 1847.

Verdict and judgment for defendant. Motion by intervenors for new trial, overruled. The plaintiffs and intervenors joined in the petition and bond for writ of error.

There was an assignment of errors by *the plaintiffs in error*, but it did not assign as error the exclusion of the deed from Grayson to Hancock.

Motion by defendant in error to dismiss, on the ground of misjoinder of plaintiffs in error.


*J. A. & R. Green,* for plaintiff in error. The execution under which the defendant derives title was void, and could convey no title to the purchaser. (Shapard v. Bailnul, 3 Tex. R. 26.)

The deposition of the old Clerk was not competent evidence to prove the issuance of an execution.

The execution purports on the face of it to be an original execution ; and hence must forfeit any right to be considered an *alias* or *pluries.* (Scott & Rose v. Allen, 1 Tex. R. 508.)

The execution was issued more than five years after the judgment on which it is founded, which is contrary to law, even supposing that intermediate executions had issued every Term since judgment. (Hart. Dig. Art. 2378.)

The true interpretation of the Statute is, that where an exetion is issued, and not returned, the plaintiff making no motion or complaint for five years, the law so violently presumes the plaintiff to have been satisfied by an accord with the defendant, or a reception of the money, that it will not suffer him to move against the Sheriff when time has obscured the evidence, much less would be permitted to harrass the defendant with new executions. Again : the latter clause provides that persons laboring under disabilities "may have the benefit of "other executions or move against the Sheriff in five years "from removal of disabilities, and 'not after.'"

It is said that tax sales are void for irregularities, and execution sales not void, because the latter are by virtue of a power coupled with an interest, to-wit : the judgment lien, and the former are by virtue of a " naked, statutory power." (Hadley v. Tankersley, 8 Tex. R. 20.) If the judgment has lost its lien, in accordance with Article 1335, Hart. Dig., what is the execution more than a naked power not coupled with any interest? As the sale was confessedly irregular, it is therefore void. Nor will an enlightened equity relieve such a purchaser.

The execution shows on its face that it is an original execution, issued without *sci. fa.* seven years after judgment. The execution and judgment are the purchasers muniments of title. Equity as well as law compels a purchaser to have knowledge of his muniment of title. He therefore purchases knowing that he is assisting the plaintiff to injure the defendant, in violation of the law.

*Fisk & Bowers,* and *I. A. & G. W. Paschal,* for defendant in error. Motion is to dismiss the writ of error, because the plaintiff and the intervenors have improperly joined in its prosecution. Upon principle, they cannot be co-plaintiffs ; and the impropriety of their appearing so, is apparent from this particular record. (Legg v. McNeil, 2 Tex. R. 430 ; Bass v. Fontleroy, 11 Id. 698.)

Let us next inquire whether there was error in the excluding Hancock's deed.

Next as to the bill of exceptions of the intervenor. This was only to the evidence of the defendants. The transcript was properly admitted, because it was properly certified. The additional remarks of the Clerk, that the first execution issued did not vitiate the truth of the record, nor was the fact beyond his power to certify, because he only accounted for a missing paper. The certificate was sustained by the deposition of the former Clerk.

We would respectfully contend that the sale by the Sheriff

being under a valid judgment, and it being proven that an execution issued within twelve months, the law will presume that execution issued from Term to Term or year to year, so as to support the sale and possession.

In addition to what is said in the regular brief, the counsel of the appellees suggest to the Court, that according to the principles decided in the cases of Sydnor, at the late Term at Galveston, the law is with the defendants, upon the merits. The circumstance that the alias execution issued more than a year after the date of the judgment, was a question that could not benefit the plaintiff collaterally in an action against Knight, the purchaser at Sheriff's sale, and Metz his vendee. It was enough for them that there was a valid judgment. We ask the application of this principle to this case.

WHEELER, J. We are of opinion that the motion to dismiss the writ of error ought not to prevail. No good reason is perceived why the plaintiff and intervenors may not join in prosecuting the writ of error, though their interests are adverse, since they are alike interested in obtaining a reversal of the judgment. But if the intervenors may not properly join, that would not authorize a dismissal of the writ of error as to all the plaintiffs in error, but only as to those who were improperly joined. We are of opinion, however, that all the parties agrieved by the judgment may well join in prosecuting the writ of error, and may ask a reversal of the judgment, in those matters wherein it affects injuriously and erroneously their respective rights.

It is unnecessary to revise the rulings of the Court upon the admissibility of evidence, offered by the plaintiff. For, had the Court ruled differently, still we are of opinion that judgment must have been for the defendants, upon the merits of their title ; which was older in point of time, and superior to that of the plaintiffs and intervenors.

The principal and only question in the case, upon the merits, which requires notice, was considered and decided by this Court in the case of Sydnor v. Roberts. (13 Tex. R. 598.) There, as in this case, land had been sold under an execution issued from another county ; and there, also, as in this case, the title of the purchaser was assailed on the ground that more than the period of a year had intervened without the issuance of execution, anterior to the execution under which the sale was effected. But it was held that the execution was not therefore absolutely. void and a nullity, so that the officer could not justify, nor the purchaser acquire a title under it. It was an irregularity which rendered the execution voidable, if taken advantage of by the proper person and in proper time; but, being only voidable, it was a good justification, and however irregular, the purchaser would acquire a good title under it. The general rule is that where the officer could justify under the execution, the purchaser will be protected in his title. (Woodcock v. Bennett, 1 Cow. R. 711, and authorities cited ; 16 Johns. R. 537 ; 2 Bibb, 518.) The purchaser of land at a Sheriff's sale is not bound to examine into the regularity of the proceedings, anterior to the sale, nor is his title affected by such irregularities, where they have taken place without his concurrence or participation. (Howard v. North, 5 Tex. R. 290.) However irregular a proceeding may have been, the title of the purchaser will not be affected by it, unless the proceeding was absolutely void. (See cases cited in Sydnor v. Roberts, 13 Tex. R. ; Howard v. North, 5 Tex. R. ; 13 Johns. R. 97 ; 1 Swan, (Tenn.,) R. 10.)

The title acquired by the defendants under the Sheriff's sale and deed, was valid and effectal to divest and pass the title of the defendant in execution, under whom the plaintiff and intervenors claim ; and the ruling of the Court upon the admissibility of the plaintiff's evidence of title, is, therefore, immaterial. If the evidence had been admitted it could not have availed the plaintiff or intervenors anything, nor could it in

any way have affected the result of the trial. The judgment is affirmed.

Judgment affirmed.