BEN E. CABELL ET AL. V. ORIENT INSURANCE COMPANY ET AL.

Decided February 10, 1900.

**1.   Judgment—Dormancy—Issuance of Execution.**

Where a first execution was issued to the wrong county, and when a pluries execution was issued to the county wherein the judgment was rendered, it was enjoined because of the irregularity, such issuance of execution, being within a year, nevertheless had the effect of preventing the judgment from becoming dormant. Rev. Stats., arts. 2335, 2326a.

**2.   Fees of Witness—More than Two to Prove Same Fact.**

As against the fees of his own witnesses a party can not invoke the statute providing that the fees of only two witnesses to the same fact shall be allowed, but only when judgment is rendered against him and the witnesses have been subpoenaed by the opposite party. Rev. Stats., art. 2268.

APPEAL from the County Court of Bowie. Tried below before Hon. R. H. JONES.

*Dan T. Leary,* for appellants.

*Chas. S. Todd,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—The nature and result of the suit is fully set out in the appellants' brief, and as the same is not contested by appellees, is adopted by this court. Said statement is as follows: "The undisputed facts show that in the spring of 1894, J. W. Stuart & Son filed eleven different suits in the County Court of Bowie County against eleven different fire insurance companies for damages for loss by fire. The defendants answered in each case, and each defendant had Murray, Wilson, Beard, Murphy, Benjamin Williams, Uden, Wallace, Erber, and Graham subpoenaed as witnesses. Plaintiffs, Stuart & Son, had Krouse, Less, Murray, and W. B. Stuart subpoenaed as witnesses on their behalf.

"All of the witnesses attended court at the July (1894) term of the County Court and testified in one case that was tried. This case was appealed. All of the witnesses attended the October term of the court, but the cases were continued by defendants. At the January (1895) term of the court all the cases were tried on the statement of facts made out in the case which had previously been tried. One of the ten cases was appealed, and counsel for plaintiffs, Stuart & Son, and the insurance companies agreed that judgments in the other nine cases should abide the

decisions in the two cases appealed. One case was affirmed by the Court of Civil Appeals, and the other case was reversed and remanded. Under the agreement seven of the cases were affirmed and four cases were reversed. But after the four cases were reversed, they were compromised and judgments were, in January, 1896, rendered in favor Stuart & Son for a certain amount in each case and all costs.

"All the insurance companies, save one, which had become insolvent, paid the amount of the judgment against it, and all costs except witness fees. Four of the companies paid all costs. Appellant P. T. Norwood purchased the witness certificates from the witnesses after they had made affidavit before the clerk as to the number of days that they had attended court and the number of miles they traveled in going to and returning from court, and first had executions issued to Dallas County. Appellees had those executions enjoined because no executions had first issued to Bowie County and the injunction was perpetuated. After this judgment was rendered, appellant P. T. Norwood had alias executions issued to Bowie County which were returned nulla bona. After this he had pluries executions issued to Dallas County against appellees for the costs due the witnesses as fees in the cases. Appellees again sued out an injunction against P. T. Norwood and Ben E. Cabell, the sheriff, and on the trial of the case in the County Court of Bowie County, the court overruled defendant's exceptions, and after hearing the evidence the court rendered judgment for plaintiffs and perpetuated the injunction again. The defendants made bond and appealed the case."

Appellants' third assignment of error complains of the action of the court in rendering judgment for plaintiff and perpetuating the injunction, because there is no evidence to support it.

Two questions are raised upon this appeal: (1) Did the execution issued in the first instance to Dallas County, and which was enjoined upon proceedings instituted by the defendant in judgment, prevent the judgment from becoming dormant? (2) Were the witnesses entitled to fees in more than one case, they having been subpoenaed in several cases involving the same issues of fact?

Under our statute, if no execution is issued within twelve months from the rendition of judgment, the judgment becomes dormant. Rev. Stats., art. 2326a. When the execution requires the judgment to be made out of the property of the debtor, it shall issue in the first instance to the county in which the judgment was rendered, and upon return thereof that no property can be found, or not sufficient to satisfy the judgment, execution may be issued to any other county in the State. Rev. Stats., art. 2335.

An execution issued in the first instance to a county other than the one in which the judgment was rendered is not void, but is irregular. It may be avoided at the instance of the defendant in the judgment. Earle v. Thomas, 14 Texas, 583; Hancock v. Metz, 15 Texas, 205; Norwood v. Insurance Co., 44 S. W. Rep., 188.

An officer is bound to execute such an execution and can justify un-

der the same. Sydnor v. Roberts, 13 Texas, 600. If such an execution is levied and property sold by virtue thereof to an innocent purchaser, he will acquire a good title. Sydnor v. Roberts, supra.

We have not been cited to any authority in this State on the question whether an execution irregularly issued, and for that reason enjoined, is sufficient to prevent the judgment from becoming dormant. The question is passed upon by the Supreme Court of Georgia in the case of Smith v. Rust, 79 Georgia, 519, and it is there held that an execution irregularly issued, and for that reason quashed, was sufficient to prevent the judgment from becoming dormant. The case of Hutsonpiller v. Stover, 12 Grattan, 579, is referred to by the text writers as sustaining the same doctrine. That case is not accessible to us.

It is held in New York that where an execution is delayed for more than a year and a day at the request of, or with the consent of, the defendant, or by an injunction out of chancery obtained by him, the plaintiff may take out execution without reviving the judgment. United States v. Hanford, 19 Johns., 173. We conclude that the judgment was not dormant when the execution enjoined in this case was issued. 8 Am. and Eng. Pl. and Prac., 352, and notes; Herm. Ex., sec. 78.

The petition seeks to have the costs retaxed. It shows that the witnesses were subpoenaed in each case and attended court. It further alleges that all of the witnesses were summoned to prove substantially the same fact, and only two of them should have been allowed their fees against defendant.

We think, under the statute, the witnesses having been subpoenaed in each case and having attended court in obedience to such subpoena, were entitled to fees in each case. Rev. Stats., art. 2268; Flores v. Thorn, 8 Texas, 379. The allegation that they were summoned to prove substantially the same fact, and that only two of them should have been allowed their fees against defendant, is not supported by the evidence. The burden was upon plaintiff to establish the fact. Railway v. White, 48 S. W. Rep., 530.

Again, the record shows that all the witnesses were summoned by the insurance companies, except four. The statute does not relieve a party who compels a witness to attend court under process procured by him from responsibility for their fees. It is when judgment is rendered against him and the witnesses have been subpoenaed by the opposite party that he can invoke the statute that the fees of not more than two witnesses to any one fact shall be allowed. Rev. Stats., art. 1427.

Upon the whole case we think plaintiff has failed to show that it was entitled to the relief asked. The judgment will be reversed and here rendered for appellant.

*Reversed and rendered.*