O. N. ESKRIDGE ET AL. V. LOUISVILLE TRUST COMPANY.

Decided July 2, 1902.

**1.—Trespass to Try Title—Title in Trust.**

A fee simple title to land in this State, vested in a foreign corporation in trust for the benefit of certain persons, will sustain an action of trespass to try title by the corporation to recover possession of the lands and for rents.

**2.—Same—Foreign Corporation—Permit—Right to Sue.**

A foreign corporation holding the fee simple title to land in this State in trust may sue here to recover possession of the land and rents without having obtained a permit to do business in this State.

**3.—Title to Land—Trust—Lease by Beneficiary.**

Where a father's will devised land to be held in trust for the benefit of his son during life and otherwise manifested the purpose that neither the legal nor equitable title should ever be vested in the son, the latter was a mere usufructuary, and his use and occupancy of the land merely permissive in character did not affect the title, and a lease of the land executed by him after testator's death was unauthorized.

Appeal from Young. Tried below before Hon. A. H. Carrigan.

*R. F. Arnold* and *John C. Kay,* for appellants.

*C. W. Johnson,* for appellee.

CONNER, CHIEF JUSTICE.—This was an ordinary suit of trespass to try title, filed by appellee in the District Court of Young County, July 15, 1901, to recover 960 acres of land in said county. On February 13, 1902, appellee filed its first amended original petition, representing that plaintiff is a private corporation duly incorporated and residing in the city of Louisville and State of Kentucky; that about March 10, 1901, and long prior thereto, the plaintiff was the owner of the premises sued for, holding the same in fee simple, in trust, however, for the use and benefit of J. M. Robinson, Jr., and his wife, Ellen Cox Robinson, under the will of J. M. Robinson, Sr., deceased, and in the event of the death of said J. M. Robinson, Jr., and his wife, then in trust for their children. That J. M. Robinson and wife were both dead, leaving surviving them two children, both of whom were minors. This amended original petition then charges the unlawful entry, the dispossession of plaintiff, description of the land, damages, etc., followed by an appropriate prayer. To this petition the defendants below, now appellants, filed and presented to the court their special exceptions, together with a sworn motion to dismiss said cause, because said amended original petition shows that the plaintiff below was a foreign corporation and does not show that it, as such corporation, has ever been granted a permit to transact business in this State, and that defendant is informed and believes that no such permit has ever been so granted. On February 17, 1902, the court heard the special exceptions and motion to·dismiss, considering both together and overruling both exceptions and motion to dismiss, to

which ruling of the court appellants excepted. Thereupon defendants below filed their original answer, being a general denial of plaintiff's allegations and a disclaimer of any interest whatsoever in the fee simple title to the premises sued for, but charging that their possession of said lands was lawful; that it was for a term of years which had not expired under a lease by mesne conveyances from J. M. Robinson, Jr., the real and true owner of the fee to said property; that such lease conferred upon the ·defendants the full and unqualified right to hold the possession of said property and to use, cultivate, and enjoy the same until the expiration of such lease. The plaintiff then filed and presented its first supplemental petition, by which it denied all of the allegations contained in defendants' original answer. On February 17, 1902, the cause was tried before the court without the intervention of a jury, resulting in a judgment for the plaintiff below for the recovery and possession of the lands sued for, together with a judgment for $100 rent, and costs, to which the defendants below excepted, gave notice of appeal, and have now prosecuted this appeal to this court.

But two questions are presented by the assignments of error. It is first insisted, in substance, that the court committed error in overruling appellants' exceptions and in receiving evidence of appellee's title, because the petition and evidence show that appellee is a foreign corporation and has never been granted a permit to transact business in Texas; and second, because the evidence shows no such title in appellee as enabled it to recover herein.

We find no merit in either of these contentions. The evidence fully sustained the material allegations of appellee's petition, and neither allegation nor proof showed an effort on appellee's part to transact business in Texas as required a permit under our statutes. The object of the suit was evidently merely to reduce to appellee's possession property situated in Texas that had been vested in it for certain declared purposes. No attempted execution of the trust in Texas is manifested, and appellee was authorized to recover its own without special permit. Security Co. v. Bank, 93 Texas, 580.

We also think, as stated, that the evidence of appellee's title is amply sufficient to sustain the judgment in its favor. It is undisputed that J. M. Robinson, Sr., purchased the land involved and took conveyance in his own name. His will, which it is unnecessary to set out in full, provided, among other things, that "the land (referring to the land in controversy) and improvements shall be held by the Louisville Trust Company in trust for the use and benefit of my said son (J. M. Robinson, Jr.) during his natural life," and otherwise manifested an unmistakable purpose that neither legal nor equitable title should ever be vested in the son. The son by the terms of the will was a mere usufructuary. The mere occupancy and use shown of the land for many years prior to the death of J. M. Robinson, Sr., conferred no title upon the son. It does not appear from the record that the son erected improvements of any kind, or otherwise became entitled to ownership. His use

of the land and premises appears to have been permissive merely, and it therefore follows that the five years' lease of land executed by the son subsequent to the death of the father and under which appellants, as assignees, must and do claim, was unauthorized. No consent is shown to this lease nor to its assignment on the part of the trust company, upon which the title devolved upon the death of J. M. Robinson, Sr. To sustain the lease of the son, or his consent to its assignment, is to defeat the manifest intent of the testator and owner to devolve the control of the lands involved upon the appellee company.

Finding no error in the proceedings, the judgment is affirmed.

*Affirmed.*