KINGMAN TEXAS IMPLEMENT CO. v.
BORDERS et al.

(Court of Civil Appeals of Texas. San Antonio. April 10, 1913. Rehearing Denied May 7, 1913.)

1. JUDGMENT (§ 753*)—LIEN—STATUTORY PROVISIONS.

While statutes fixing judgment liens on real property must be construed strictly, they must be given the full meaning that the language employed reasonably imports, and it is sufficient if they are substantially complied with.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1312; Dec. Dig. § 753.*]

2. JUDGMENT (§ 768*) — RECORDING AND DOCKETING—FILING ABSTRACT.

An abstract of a judgment is sufficient if it can be rendered certain by the construction of its own terms, and within its terms supplies the information required by law without looking elsewhere.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1325, 1326; Dec. Dig. § 768.*]

3. JUDGMENT (§ 768*) — RECORDING AND DOCKETING—FILING ABSTRACT.

An abstract of a judgment which shows the amount and date of the original judgment, rate of interest, the amount of costs, and the credits, if any, is sufficient without expressly stating the balance then due.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1325, 1326; Dec. Dig. § 768.*]

4. JUDGMENT (§ 768*) —/ RECORDING AND DOCKETING—FILING ABSTRACT.

An abstract of a judgment stating correctly the date and amount thereof, that the costs of the suit were $15 and the interest 8 per cent., that $475 had been realized from a sale, the costs of which sale were $23, was not insufficient because it stated that of the amount so realized $473 had been credited on the judgment, $23 applied to the costs of the sale, and $15 to the costs of the suit; it being apparent that "$473" was a clerical error for "$437."

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1325, 1326; Dec. Dig. § 768.*]

5. JUDGMENT (§ 853*)—LIEN—TERMINATION—FAILURE TO ISSUE EXECUTION.

Under Rev. St. 1895, art. 2335, requiring property executions to be issued in the first instance to the county in which judgment was rendered, and providing that upon the return thereof, wholly or partly unsatisfied, execution may issue to any other county, article 2336 providing that, where the execution requires the sale or delivery of specific property, it may be issued to the county where the property or some part of it is situated, and article 3290 providing that duly recorded judgments shall be a lien unless plaintiff shall fail to have execution issued thereon within 12 months after the rendition thereof, an execution issued to a county other than the one where judgment was rendered for the sale of attached property in such other county prevented the judgment becoming dormant without the issuance of any execution to the county in which judgment was rendered within 12 months.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1565–1570; Dec. Dig. § 853.*]

6. CORPORATIONS (§ 672*)—FOREIGN CORPORATIONS—RIGHT TO SUE.

In an action on a judgment and to foreclose the lien thereof brought by a foreign corporation, a petition which showed that plaintiff had surrendered its permit to do business in the state was not demurrable where it did not appear why it surrendered its permit, or that it was such a corporation as was required by statute to obtain such a permit, and it did appear that, at the time the abstract of the judgment was recorded in the county where the suit was brought, it had such a permit, since Rev. St. 1895, arts. 745–749, forbidding suits by foreign corporations not having such a permit, does not prevent suits for the enforcement or protection of lawfully acquired property rights.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2645–2649; Dec. Dig. § 672.*]

Appeal from District Court, Bexar County; A. W. Seeligson, Judge.

Action by the Kingman Texas Implement Company against W. F. Borders and others. From a judgment sustaining a demurrer to the petition, plaintiff appeals. Reversed and remanded.

I. B. Henyan, of San Antonio, for appellant. N. O. Green, John M. Rowland, and R. P. Ingrum, all of San Antonio, for appellees.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

TALIAFERRO, J. Appellant, the Kingman Texas Implement Company, a foreign corporation, filed this suit against W. F. Borders, Santos Reyes, James Hogan, Mrs. Exer Gleasner, Wm. Dobrowolski, C. A. Stieren, W. L. Word, Cornelia Word, Grace Sharp, and Daniel Rodriguez to recover from W. F. Borders on debt and foreclosure of a judgment lien on real estate in Bexar county and to establish and foreclose the judgment lien against the other defendants, who were alleged to be claiming some interest in the land. Appellant alleged, as its cause of action, that on December 10, 1907, it obtained a judgment in the district court of Dallas county against W. F. Borders for $2,319.70 and costs, and for foreclosure of an attachment lien on property situated in Runnels county. That on January 29, 1908, it had issued an execution and order of sale to Runnels county, and that by virtue of said writ the sheriff of that county seized and sold the attached property for $475. The writ was returned by the sheriff showing the levy and sale and noting a credit of $437 upon the judgment, and the balance of the proceeds devoted to payment of costs, $23 to the sheriff and $15 costs of suit. That upon November 4, 1908, the clerk of the district court of Dallas county certified an abstract of the judgment, properly stating the names of the parties and the number of the suit. It stated the date December 10, 1907, the amount $2,319.70, the rate of interest 8 per cent. per annum, and $15 costs. The abstract contained the following further notation: "Said judgment is entitled to the following credits, to wit: On February 4, 1908, the sheriff of Runnels county, Tex., collected, under an order of sale issued out of the district court of Dallas county, the sum of $475, $473 of which was applied as a credit on the judgment; $23 applied to sheriff's costs and $15 to court costs. There is a balance now still due on said judgment, $1,873.55, with interest on said amount from the 4th day of February, 1908, at the rate of 8 per cent. and $———— costs of suit." The petition alleged that, as to the amount of balance due, the recitation upon the abstract of judgment was erroneous, and that a proper calculation of the judgment and the credits would show that $1,910.54 was the amount due at the time. It charged that this entry was made without authority by some one unknown, and should be considered as surplusage and disregarded by the court. The abstract of judgment as certified by the clerk was duly recorded in the office of the county clerk of Bexar county. It was alleged that Borders had since the record of the abstract of judgment owned land in Bexar county, which was described; that the judgment was a lien on such land; and that the other defendants asserted some interest in same, which was subordinate to appellant's judgment lien. In 1900 appellant company obtained a permit to do business in Texas, which permit was voluntarily surrendered on April 25, 1911.

Defendant Borders made no appearance, and judgment was rendered against him. The other defendants interposed a general demurrer to appellant's petition, which was sustained by the court, and, the appellant declining to amend, judgment was entered that appellant take nothing against them and pay the costs. The judgment of the court does not set out the grounds upon which the general demurrer was sustained; but, looking to the briefs, we find that the issues made between the parties on the demurrer were: (1) That the petition showed upon its face that the record of the abstract of judgment was not sufficient to fix a valid lien on the property in question; (2) that no execution was taken out upon the judgment within the first year in compliance with the statute, and therefore that the judgment was dormant; and (3) that the appellant was a foreign corporation without a permit to do business in Texas, and therefore could not maintain this suit. The five assignments of error by the appellant and the counter propositions of appellees present these issues in various aspects. It is not apparent whether the trial court sustained one or more of the contentions of appellee, but, if any one of them is found to be well taken, the judgment must be affirmed.

[1, 2] The law fixing a judgment lien upon real property in this state is statutory and is governed and limited by the very terms of the acts granting the right. This statute, as all other laws creating extraordinary rights, must be construed strictly. But this does not mean that they may not be given the full meaning that the language employed by the Legislature reasonably imports; and, while the courts in cases arising under it have strictly construed the terms of the law in favor of the judgment debtor, it is conceded that only a substantial compliance with the terms of the statute is required, and that language used in the certificate, which, within its own terms, sufficiently supplies the information required by the law, without rendering it necessary for the searcher to look elsewhere to supplement or verify the statements there made, is adequate to fix a lien. The contents of an abstract of judgment under the law must show: (1) The names of the parties; (2) the number of the suit; (3) the date of the judgment; (4) the amount of the original judgment as rendered and the amount still due thereon; and (5) the rate of interest. This language is unambiguous. No more precise rule could be laid down, and it is obvious that every case, where the sufficiency of the form or record of such an instrument is raised, must be decided upon its own particular facts. The statute must be followed with such certainty as to leave no doubt of the real facts. The doctrine, "Id certum est quod certum reddi potest," applies

only to a limited degree, since the meaning of the instrument must be capable of being rendered certain by the construction of its own terms.

[3, 4] In this case the only criticism of the abstract of judgment is that it did not correctly state the amount of the balance due upon the judgment. It has been held that a sufficient compliance with the requirement is to state facts from which it can be ascertained with certainty, and that an abstract which shows the amount and date of the original judgment, the rate of interest, the amount of costs, and the credits, if any, is sufficient, without expressly stating the balance then due. Wicker v. Jenkins, 49 Tex. Civ. App. 366, 108 S. W. 188, and cases there cited; Nye v. Moody, 70 Tex. 434, 8 S. W. 606; Gullett Gin Co. v. Oliver, 78 Tex. 182, 14 S. W. 451. It only remains to determine, then, whether the certificate of the clerk upon the abstract in this case was sufficient, with certainty, to show the balance then due upon the judgment. Appellant insists that the certificate correctly states the amount and date of the original judgment, the costs, the rate of interest, and the amount of the credit to which it is entitled; that therefore the balance due is a matter of calculation; and that the remaining portion of the certificate is mere surplusage and should be disregarded. We think that is the correct conclusion. The clerk truly stated the date and amount of the judgment at $2,319.70, the costs of the suit $15, and the interest at 8 per cent. per annum. He correctly stated that a sale had been made under the judgment realizing $475 and the costs of the sale $23. The amount so collected he apportioned as follows: On the judgment, $473, costs to sheriff, $23, and costs of suit, $15. He then stated that the balance due upon the judgment was $1,873.55. This is so palpably a clerical error that only by the most narrow technicality can the real facts be ignored. The sum of the costs is $38. If we deduct $38 from $475, we have $437. Transpose the last two figures, and we have $473. Clerical errors caused by transposing figures are very common, and the unbiased mind necessarily sees that the clerk, intending to write $437, by the curious mental lapse which causes such errors wrote $473. Human agencies are not infallible, and it is sufficiently technical when we charge litigants with the irreconcilable errors of ministerial officers without making them lose valuable rights because of trivial misstatements which are fully corrected by a simple analysis of the language in the light of the apparent facts. From the facts and figures correctly certified to by the clerk, a very simple calculation will reveal the amount still due on the judgment with absolute certainty, and an incorrect calculation, or an incorrect statement of the results, made by the clerk is immaterial and cannot affect the real rights in the case.

[5] Appellant's second ground of error, that the judgment was dormant, is not sound. An execution and order of sale was issued to Runnels county during the first year, which was executed by sale of property in that county and duly returned by the sheriff. Article 2335, R. S. 1895, provides that: "Where the execution requires that the judgment shall be made out of the property of the debtor, it shall be issued in the first instance to the county in which the judgment is rendered, and upon the return thereof that no property can be found, or not sufficient to satisfy the same, execution may be issued to any other county in the state." Article 2336, however, provides that: "Where the execution or any writ in the nature thereof requires the sale or delivery of specific real or personal property, it may be issued to the county where the property or some part thereof is situated." Article 2336 is plainly meant to present an exception to the requirements of article 2335 and to provide that in cases covered by its terms the first writ may properly be issued to a county other than that where the judgment was rendered. Article 3290, R. S., provides that all judgments which have been recorded in compliance with the terms of chapter 1, tit. 66, shall be a lien, etc., "unless the plaintiff shall fail to have execution issued upon his judgment within 12 months after the rendition thereof." This does not expressly require that such execution shall be issued to any particular county, and necessarily refers to any execution which shall be lawfully issued. In Schneider v. Dorsey, 96 Tex. 547, 74 S. W. 526, the court say that a first execution to an outside county is irregular but not void. Whether such an execution will suffice to preserve the lien, the court expressly refrains from deciding. But in that case the execution did not come within the terms of article 2336. In Cabell v. Insurance Co., 22 Tex. Civ. App. 635, 55 S. W. 610, it was held that an execution, though issued in the first instance to a county other than that wherein it was rendered, and though irregular and voidable, was yet sufficient to prevent the judgment from becoming dormant. The reasons stated by the court in that case are clear and convincing and many authorities are cited. We have not been cited to a case, nor have we been able to find one, which announces the rule that will govern when the first execution, though issued to an outside county, was lawfully issued, in pursuance of article 2336, supra. But it appears to us that in such a case the rule laid down in the Cabell Case would apply with much greater force. If an execution irregular in its issue and voidable because directed beyond the county of its issuance is held to fix the status of the judgment so that it will not become dormant, surely an execution which is regular and lawful and properly issued to such other county

will be sufficient to prevent the dormancy of the judgment. We think, therefore, that the execution in this case was sufficient to fix the judgment lien in favor of·appellant upon any land in Bexar county properly subject thereto. ·

[6] The third contention of appellees is not well taken. The record does not show the reason for appellant's surrender of its permit. Nor is it shown that appellant is now such a corporation as the law contemplates among those required to obtain such a permit to do business in this state. It does show, however, that at the time the abstract of judgment was recorded the appellant was duly authorized to do business in Texas, and that it did not surrender its permit until April 25, 1911. There is nothing in the statute which forbids a foreign corporation the privilege of bringing suit in Texas merely because it is a foreign corporation. By the judgment and the record thereof during the time in which appellant had a permit to transact business in Texas, the property rights of the parties were fixed, and chapter 17, tit. 21, R. S., was not intended to prevent corporations from bringing suits in the courts of Texas for the enforcement or protection of lawfully acquired property rights within the state. Geiser Mfg. Co. v. Gray, 126 S. W. 610; Texas Land & Mortg. Co. v. Worsham, 76 Tex. 556, 13 S. W. 384; Eskridge v. Trust Co., 29 Tex. Civ. App. 571, 69 S. W. 987.

For the errors indicated, the judgment of the lower court is reversed, and the cause remanded.