## NELSON v. DETROIT & SECURITY TRUST CO.

### No. 8573.

Court of Civil Appeals of Texas. San Antonio.
April 1, 1931.

Rehearing Denied April 29, 1931.

Cofer & Cofer, of Austin, for plaintiff in error.

Templeton, Brooks, Napier & Brown, of San Antonio, for defendant in error.

SMITH, J.

The Detroit & Security Trust Company, a corporation domiciled in the state of Michigan, executor of the estate of Henrietta Powers, deceased, brought this action to recover of J. C. Nelson the amount of a promissory note executed by Nelson, and payable to said Powers. From a judgment by default rendered against him, Nelson prosecuted writ of error. The parties will be designated as in the court below, the trust company as plaintiff and Nelson as defendant.

Plaintiff's trial petition in the court below was styled: ."Detroit and Security (Trust Company, Administrator with the Will Annexed of the Estate of Henrietta Powers, Deceased, vs. J. C. Nelson, No. B–58, 170." The style of the case indorsed on the petition was as follows: "Detroit and Security Trust Company, Executor of the estate of Henrietta Powers, Deceased, vs. J. C. Nelson." The representative character in which the plaintiff sued was described in the petition as follows:

"Now comes Detroit and Security Trust Company, Administrator with the Will Annexed, of the estate of Henrietta Powers, deceased, hereinafter called 'plaintiff,' complaining of J. C. Nelson, hereinafter called 'de-

fendant,' and would respectfully show the court:

"That the Detroit and Security Trust Company is a corporation, duly incorporated under the laws of the State of Michigan, having its domicile and principal place of business in Wayne County, Michigan. That it is the successor of, and was formerly styled, Security Trust Company, and is one of the duly qualified and acting executors in the State of Michigan of the estate of Henrietta Powers, deceased, made such under the terms of her last will and testament and the order admitting the same to probate in the Probate Court of Wayne County, Michigan, and holds ancillary letters and powers of administration over that estate in Texas, under the probate of said will by the Probate Court of Bexar County, Texas, as prescribed by law; that as such, it is the duly qualified and acting representative of the estate of Henrietta Powers, deceased, in the State of Texas."

The note sued on was set out in the petition, in haec verba, as was also a supplemental agreement executed by the defendant by endorsement made on the back of the note; various partial payments on the note were alleged in detail in the petition, as were all the usual formal declarations in suits upon written obligations.

Citation was issued and served upon defendant within the county, and was therefore not accompanied by certified copy of the petition. The citation contained each of the requisites prescribed by the appropriate statute. Article 2022, R. S. 1925. It correctly described the number of the suit, the court in which it was pending, the return day, the names of the parties, but incorrectly described the plaintiff as "administrator" instead of "executor." It correctly described the note sued on, the parties thereto, the date, the maturity date, the payments and credits made and allowed; it showed the death of the payee, and that the plaintiff had instituted the suit in behalf of the payee's estate, as the legal representative of the estate.

■ It is first contended by defendant that because plaintiff was described, in the citation served upon defendant, as "administrator," the judgment by default in favor of plaintiff as "executor" was unauthorized; that this variance between petition and citation was fatal to the default judgment. We overrule these contentions. The citation met every requisite of the statute, and the defendant could not possibly have been misled by the use of the word "administrator" for the word "executor." Article 2022; Pipkin v. Kaufman, 62 Tex. 545; Cave v. Mayor, etc., of City of Houston, 65 Tex. 619; Crutcher v. Williams (Tex. Civ. App.) 217 S. W. 1115.

■■ In his fourth proposition defendant questions the capacity in which plaintiff brought the suit, contending that the probate court of Bexar county had no power to appoint plaintiff as administrator, with will annexed, of the estate in question. We think these are questions that should have been seasonably raised in the court below and in the probate court. At most, defendant's complaints rest upon laxness in plaintiff's allegations, and should have been presented in demurrers and pleas in abatement in the trial court. Nor will defendant be heard here, for the first time, to question the validity of a judgment of the probate court not void upon its face.

■ It is contended by defendant that plaintiff had no authority to maintain this suit because it is a foreign corporation doing business in this state without having secured a permit therefor from the state. We do not understand that a foreign corporation, acting as executor of an estate under appointment by the will of a nonresident, and appointed thereto in ancillary proceedings in a court of competent jurisdiction in this state, is so engaged in the transaction of business in this state as to require it to take out a permit therefor under the provisions of title 32 R. S. 1925 (article 1529 et seq.).

■ Moreover, we think the question of the qualification of plaintiff will be presumed to have been adjudicated in the probate court, when plaintiff was granted letters testamentary for the purpose of administering the estate in controversy.

■ For a like reason we overrule defendant's contention that because plaintiff's corporate name has been changed from Security Trust Company to that of Detroit & Security Trust Company since its appointment as executor of the estate involved, it cannot lawfully act under its appointment. It will be presumed that the probate court passed upon the legality of plaintiff's appointment and qualification to act, and granted letters testamentary to it only after properly determining those matters.

We conclude that the record sustains the judgment of the trial court against the attacks made upon it for the first time in this Court, and that judgment will be affirmed.