IN RE CUMMINGS' ESTATE. SPOONER, RESPONDENT, *v.* HARRIS, APPELLANT.

(No. 6,739.)

(Submitted March 24, 1931. Decided April 6, 1931.)

[298 Pac. 350.]

*Mr. R. L. Daems, Messrs. Belden & DeKalb* and *Mr. Merle C. Groene,* for Appellant, submitted a brief; *Mr. H. Leonard DeKalb* argued the cause orally.

*Messrs. Brown & Jones* and *Mr. W. C. Husband,* for Respondent, submitted a brief; *Mr. Husband* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal from a judgment denying the probate of an alleged will of Nettie M. Cummings, deceased.

From the record it appears that Nettie M. Cummings died on May 1, 1929, at Harlowton, leaving an estate consisting of real and personal property in Wheatland county. She left three wills, dated December 30, 1926, April 12, 1929, and April 13, 1929, respectively. When the will of April 13 was offered for probate, objections were filed and the controversy was disposed of by order of court based on a stipulation to the effect that it was not duly executed. A written agreement was then entered between Minnie E. Spooner, party of the first part, and E. G. Harris, party of the second part, the material parts of which are as follows:

"That in consideration of the sum of One Thousand and no/100 ($1,000.00) Dollars, * * * the party of the second part does hereby sell, assign and deliver to the party of the first part all of his right, title and interest, claim and demand in and to said purported Will dated April 13th, 1929, and also in and to that certain purported Will of Nettie M. Cum-

mings, deceased, dated at Harlowton, Montana, April 12th, 1929, and hereby assigns all of his interest in and to the Estate of said Nettie M. Cummings, deceased, by virtue of said purported Wills or otherwise, hereby waiving all right, title, or interest of the party of the second part, in and to the property or estate of Nettie M. Cummings, deceased, or the party of the first part. The party of the second part does hereby further renounce and disclaim all of his right to act as Administrator or Executor of said Estate, or of said Wills, and also to act as the guardian of the person and estate of Minnie W. Spooner.

"It is further understood and agreed, that the will of Nettie M. Cummings dated the 30th day of December, 1926, shall be admitted to probate as soon as possible, and that the said party of the second part offers no resistance or objections to the same being admitted to probate as the Last Will and Testament of Nettie M. Cummings, deceased, and that upon the issuance of Letters Testamentary upon said Will of Nettie M. Cummings, dated December 30th, 1926, the said Executor is hereby authorized and directed to pay the said sum of One Thousand and no/100 ($1,000.00) Dollars in the manner as above specified."

Also, the following assignment was executed by Harris:

"For and in consideration of the sum of $1,000.00 lawful money of the United States to be paid to me by Minnie E. Spooner, out of the Estate of Nettie M. Cummings, deceased, I do hereby assign, transfer, convey and set over to Minnie E. Spooner, all my right, title and interest, claim and demand of every kind and nature whatsoever, in and to that certain instrument, purporting to be the Last Will and Testament of Mrs. Nettie M. Cummings, dated at Harlowton, Wheatland county, Montana, on the 13th day of April, A. D. 1929, and also all my right, title and interest in and to that certain Will dated the 12th day of April, 1929, purporting to be a Will of Mrs. Nettie M. Cummings, deceased, and all interest, claim and demand in the Estate of Nettie M. Cummings, deceased, and I hereby renounce, withdraw and waive every right I may have under and by virtue of any or both of said Wills,

to act as an Executor under the same, or as Guardian of the person or estate of Mrs. F. I. Spooner, (Minnie E. Spooner).

"Dated at Harlowton, Montana, this 22nd day of July, 1929.

"E. G. HARRIS, M. D.

"Assignor."

Thereafter, and on August 5, 1929, Harris petitioned the court for the probate of the will dated April 12. This will made a bequest of $2,000 to Mrs. Robert G. Anderson and made provision that the rents and income from the Olympia Pool Hall Building in Harlowton and any income derived from the personal property of the testatrix should be bequeathed to her sister, Mrs. Spooner. The will, after devising and bequeathing all the residue of the estate to E. G. Harris, contains this clause: "to be used by him as he sees fit and to be expended by him as he sees fit for the benefit of extending hospital facilities in the city of Harlowton, Montana, or any other worthy purpose as he may see fit; or as he may elect, I reposing special faith and confidence in him and leaving the disposition of the estate remaining after the death of my beloved sister, hereinabove mentioned, to him as he sees fit to use it."

Harris and Charles A. Johnson were named executors of this will and a direction was made that in the event it became necessary that a guardian be appointed for the sister, the executors and Mrs. R. G. Anderson be appointed as such. Charles A. Johnson, by written instrument, renounced and waived his right to act as executor. Mrs. Anderson executed a written agreement wherein she agreed to accept $500, to be paid out of the estate, in full settlement of her rights under the will. The will contained a clause revoking all prior wills. The will of December 30, 1926, made Minnie E. Spooner sole beneficiary and sole executrix.

Mrs. Spooner filed objections to the probate of the will dated April 12, upon several grounds, one of which was that because of the agreement and assignment above referred to, the proponent, Harris, had no interest in the estate or in the will and, therefore, had no legal right to offer the will for probate.

The court, in the absence of the jury, heard evidence which, in considering the questions here presented, may be treated as prima facie sufficient to admit the will to probate. Evidence was introduced by contestant in support of only one ground of objections, viz.: that contestee, because of the agreement and assignment, had no interest in the estate entitling him to offer the will for probate. The court found in favor of contestant on this ground and a judgment was accordingly entered denying the contestee the right to probate the will.

The only question presented for determination is whether ██ the agreement and assignment executed by Harris justify the action of the court. Contestee contends, in effect, that the agreement is void as against public policy.

The agreement and assignment, fairly construed, contemplate that in consideration of the payment of $1,000 from the estate during the course of administration the contestee assigns to Mrs. Spooner all of his right, title, interest, claim and demand under the will of April 12 and April 13; renounces his right to act as administrator, executor and guardian, and will offer no resistance or objections to the probate of the will of December 30. One of the acts to be done by contestee, as above noted, for the single consideration of $1,000 was the renunciation of the right to serve as executor.

A person named as executor in a will "may voluntarily renounce for reasons that do not involve mercenary motives, but he has no right to make merchandise of the confidence reposed in him by a testator and an agreement for a consideration to renounce an executorship is illegal." (11 R. C. L. 93; see, also, 23 C. J. 1028; 13 C. J. 440, 441.)

But it is asserted by counsel for Mrs. Spooner that the renunciation of the executorship was merely incidental to the settlement of the property rights and that there was in fact no consideration paid or agreed to be paid to him for the renouncement. But it is impossible for us to say which one of contestee's several promises was the inducement for the promise of Mrs. Spooner to pay the $1,000. We must construe the contract as written and in so doing we are impelled to the conclusion that the renouncement of the executorship

was at least a part of the consideration for the promise to pay to contestee $1,000. It follows that since the renunciation was and is invalid, the contestee is a proper person to propound the will for probate. (Sec. 10021, Rev. Codes 1921.)

It is worthy of note, also, that it has been held that even ▓ though a person named as executor in a will has renounced the right to serve as such, he (though not asking that letters be issued to himself) is still entitled to propound the will for probate. (*Simmons* v. *Campbell,* (Tex. Civ. App.) 213 S. W. 338.) It follows that the court erred in holding that contestee is not sufficiently interested in the estate to entitle him to propound the will for probate.

For the benefit of the parties upon a new trial, we shall ▓ consider the question whether the balance of the agreement can stand. As above noted, there is but a single consideration passing from Mrs. Spooner to Harris in return for the acts required of him. This being so, the contract is not severable, but entire, and if any part of the separate and distinct acts or promises to be performed by contestee is unlawful or void, the entire contract is void. (Sec. 7506, Rev. Codes 1921; *Hughes* v. *Mullins,* 36 Mont. 267, 13 Ann. Cas. 209, 92 Pac. 758; *Mattison* v. *Connerly,* 46 Mont. 103, 126 Pac. 851; 13 C. J. 513.) Particularly is this so where, as here, the contract is wholly executory.

In consequence, the judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and MATTHEWS concur.