### RATCLIFFE et al. v. SEABOARD NAT. BANK OF NEW YORK et al.
#### No. 1134.

Court of Civil Appeals of Texas. Waco.
Feb. 4, 1932.

Rehearing Denied March 3, 1932.

Wm. H. Flippen and Jno. T. Gano, both of Dallas, for appellants.

Goggans & Ritchie, of Dallas, for appellees.

GALLAGHER, C. J.

This appeal is prosecuted from a judgment of the district court refusing to probate a certain instrument in writing purporting to be the last will and testament of Miss Eunice Hopkins Smith, deceased, tendered for probate by appellant Mrs. R. E. Ratcliffe, joined pro forma by her husband, R. E. Ratcliffe, and probating an instrument purporting to be the last will and testament of said decedent, tendered for probate by appellee Seaboard National Bank of New York. Miss Smith died in Dallas county, Tex., on November 24, 1928. On the 24th day of December thereafter appellee Seaboard National Bank of the city of New York, a foreign corporation, filed in the probate court of Dallas county an application for the probate of a certain instrument filed therewith purporting to be the last will and testament of said decedent. Citation thereon was issued and served in the manner and form as required by law. On the 27th day of December thereafter appellant Mrs. R. E. Ratcliffe filed in said court an application for the probate of a written instrument filed therewith purporting to be the last will and testament of said decedent. Said application was given the same number and style as the application filed by appellee bank. Citation thereon was issued and duly served. On the 2d day of January, 1929, appellants filed in said cause a contest of the will presented for probate by said appellee. The principal ground asserted therein was that said will had been revoked by the subsequent execution and publication of the will presented by them. On the same day said appellee filed in said cause a contest of the will presented for probate by appellants. It reasserted therein the existence and validity of the will presented for probate by it, and attacked the validity of the will presented for probate by appellants on the ground of undue influence and lack of testamentary capacity, and closed with the prayer that the will presented by it be probated and that the will presented by appellants be denied probate. On the same day, appellee Chas. L. Kribs, Jr., one of the legatees in the will presented by appellee bank, filed a contest of the will presented by appellants, in which he specifically adopted the contest filed by it, and prayed expressly that the will presented by it be admitted to probate and that the will presented by appellants be denied probate. The will presented for probate by appellees was dated May 13, 1920. The will presented for probate by appellants was dated November 24, 1928. The probate court, on March 18, 1930, after a hearing, entered an order admitting to probate the will of decedent dated November 24, 1928, presented by appellants, and refusing to probate the will dated May 13, 1920, presented by appellees. Appellees appealed to the district court.

The case was tried in the district court upon the original pleadings filed in the county court. That court set aside the judgment entered by the probate court, and in lieu thereof entered judgment probating the will of decedent dated May 13, 1920, and refusing to probate the will of decedent dated November 24, 1928. The court refused to confirm the appointment of appellee Seaboard National Bank, named as executor of said will, on the ground that it was a foreign corporation and had not procured a permit authorizing it to do business in this state. The court further ordered its judgment certified to the probate court for observance and for the appointment by that court of an administrator with will annexed. Appellants thereupon perfected an appeal to this court.

### Opinion.

Appellants present as ground for reversal four assignments of error. They contend therein that, since the executor named in the will of May 13, 1920, was the Mercantile Trust Company, appellee Seaboard National Bank could not apply for the probate thereof nor claim to be the executor named therein; that said bank, being a foreign corporation without a permit to transact business in this state, did not have legal capacity to apply for the probate of said will; that the pleadings filed by appellee Kribs did not constitute a joinder by him in such application; that he did not have sufficient interest in the estate to authorize him under the law to apply for

the probate of said will; and that therefore neither he nor said bank had sufficient interest in the estate of the decedent to authorize them to 'oppose and contest the probate of the will dated November 24, 1928, presented for probate by appellants. None of said contentions were raised by any pleadings filed in the case. So far as disclosed by the record, they were presented and urged for the first time in assignments of error filed long after appellants had perfected their appeal to this court.

■ The executor named in said will was designated as Mercantile Trust Company. Appellee bank alleged and proved, in substance, that said trust company, after the execution of said will, was, with the approval of the Comptroller of the Currency of the United States, duly converted into the Mercantile National Bank of New York, and thereafter, in the same manner, into the Seaboard National Bank of New York, and authorized in each instance to continue business under the original charter of said Mercantile Trust Company. Such changes of name did not destroy the identity of the corporation named as executor in the will nor affect its property, rights, or obligations. 14 C. J. p. 321, § 386.

■■ Article 3339 of our Revised Statutes provides that an application for the probate of a will may be made by the testamentary executor, or by any person interested in the estate. When a will has been duly executed and delivered to the one named as executor therein, a moral obligation in the nature of a trust is imposed upon such person accepting such custody to keep said will securely and on the death of the maker thereof to present or cause the same to be presented for probate by a proper application. Such moral duty is not necessarily dependent on legal qualification to accept and execute the trust nor on willingness at that time to do so. Our courts have expressly held that a will is legally presented for probate by a proper application therefor by the executor named therein, regardless of whether such applicant is competent to act as such executor if appointed. Simmons v. Campbell (Tex. Civ. App.) 213 S. W. 338 et seq.; Shaffer v. Luby's Estate (Tex. Civ. App.) 297 S. W. 582, par. 1; In re Cummings' Estate, 89 Mont. 405, 298 P. 350, 352. We do not think that the fact that the bank was a foreign corporation without a permit to do business in this state affected the jurisdiction of the court over the will presented for probate by it. Such action was merely preliminary to the performance of the duties of executor of such will. Appellee could not have transacted any business pertaining to the administration of said estate until said will had been duly probated and until it had been recognized and confirmed as executor

thereof, had been granted letters testamentary, and had duly qualified. Until it became vested with the right to transact such business and until the duty to do so arose, there was no occasion for it to incur the expense of procuring a permit to transact such business. Various preliminary acts by foreign corporations have been held without the prohibition of the statute forbidding the transaction of business in this state without a permit. Philip A. Ryan Lumber Co. v. Ball (Tex. Civ. App.) 177 S. W. 226, 231, par. 7, and authorities there cited; Eskridge v. Louisville Trust Co., 29 Tex. Civ. App. 571, 69 S. W. 987, 988 (writ refused); Western Supply & Mfg. Co. v. United States & Mexican Trust Co., 41 Tex. Civ. App. 478, 92 S. W. 986, 989 (writ refused); 14a C. J. p. 1279, § 3986.

■■ Appellee Kribs, in his capacity as a legatee under the will of May 13, 1920, filed a written pleading in the cause, the substance of which has been hereinbefore set out. He incorporated therein a specific prayer for the probate of such will. We think such pleading, considered in connection with the pleadings of the bank, constituted in legal effect a joinder by appellee Kribs in the presentation of such will for probate. He was by the terms of said will bequeathed a specific sum of money, and was therefore interested in the probate thereof and in the distribution of the estate of the decedent thereunder. The fact that the will provided that certain other legacies should be paid before his was paid merely made the payment of his legacy contingent upon the amount ultimately realized from the assets of the estate. Such contingency did not deprive him of the right as such legatee to insist upon the probate of such will. Taylor v. Martin's Estate, 117 Tex. 302, 310, 3 S.W.(2d) 408.

Since appellees were lawfully authorized to apply for the probate of the will presented by them, it follows as a necessary consequence that they were also authorized to oppose and contest the probate of the will presented by appellants.

Appellees do not complain of the action of the trial court in refusing to recognize or confirm said bank as executor of the will presented by them, but acquiesce therein. Whether the court should have recognized the appointment of the bank as executor, have granted it letters testamentary, and permitted it to qualify as such executor notwithstanding it had not procured a permit to transact business in this state is not therefore before us for consideration. See, in this connection, Nelson v. Detroit & Security Trust Co. (Tex. Civ. App.) 38 S.W.(2d) 360, which case is now pending in the Supreme Court on writ of error granted.

The judgment of the trial court is affirmed.