## MERRILL et al. v. ROSE MFG. CO. et al.
### No. 3131.

Court of Civil Appeals of Texas. El Paso.
Jan. 24, 1935.

Rehearing Denied Feb. 7, 1935.

Joe A. Keith and Goggans & Keith, all of Dallas, and Sam Dardnne, of Waco, for appellants.

Emil Corenbleth, of Dallas, for appellees.

WÁLTHALL, Justice.

On the 8th day of August, 1933, appellee Rose Manufacturing Company recovered a default judgment in the Dallas county court at law against Joe Caton in the sum of $370, interest and costs. An execution was issued to Dallas county and a nulla bona return made thereon. Thereupon an alias execution was issued to Scurry county and placed in the hands of appellant constable. Merrill failed to make a levy, and failed to make a return upon the alias execution within the time allowed by law. This suit is to recover of Merrill and the sureties on his official bond as constable for the amount of appellees' judgment.

Merrill answered by general demurrer, general denial, and adopted the answer of his sureties on his official bond, and further answered that said alias execution was void and unenforceable, in that it was prematurely issued, if lawfully issued.

The Republic Underwriters, surety on the constable's official bond, answered by general demurrer, general denial, that Joe Caton, defendant in the execution writ, was insolvent at the time said execution was placed in the constable's hands, which fact Merrill knew, and that a levy would have precipitated an immediate proceeding in bankruptcy; that the sheriff and other officers of Scurry county held writs of execution against Joe Caton; that, before a sale could have been made under said alias writ, Joe Caton made a general assignment for the benefit of his creditors; that the writ was void, and pleaded other matters to the effect that nothing could have been realized by a levy.

The case was tried without a jury, and judgment entered for appellees, with instructions.

This appeal is duly prosecuted from the judgment.

### Opinion.

Appellants' first six propositions may be discussed together.

Article 3780, R. C. S. 1925, provides that execution "shall be issued in the first instance to the county in which the judgment is rendered, and upon the return thereof that no property can be found, or not sufficient to satisfy the same, execution may be issued to any other county in the State." Article 3825 of the Statutes makes the officer and his sureties liable on failure of the officer to levy upon property "when the same might have been done."

As to the issuance of the original writ of execution and the issuance of the alias writ of execution, the record shows that the plain-

tiff, by its attorney, requested the issuance of the original and alias at the same time, and the undisputed fact is that both writs were issued at the same time, and on the 1st day of September, 1933. It further appears that the original writ to Dallas county was received by the sheriff of Dallas county on the 2d day of September, 1933, and a nulla bona return entered thereon on the same day (September 2, 1933), and the writ filed in the clerk's office on the 6th day of September, 1933.

The alias execution to Scurry county was received by the defendant constable of Scurry county on the 6th day of September, 1933.

From the above undisputed facts it is apparent that the alias writ of execution was issued to Scurry county before the return was made by the Dallas sheriff on the original writ to Dallas county.

The alias execution was prematurely issued. The legal consequence of such issuance is the question to be determined here under the propositions. Counsel for appellants concede that the irregularity or defect of prematurely issuing the alias writ did not render the writ void or voidable, and that, had a levy and sale taken place, no liability against the constable would have resulted by reason of such levy and sale. Such conclusion is sustained by a number of Texas cases, such as Sydnor v. Roberts, 13 Tex. 598, 65 Am. Dec. 84; Earle v. Thomas, 14 Tex. 583; Smith v. Perkins, 81 Tex. 152, 16 S. W. 805, 26 Am. St. Rep. 794; Cabell v. Orient Ins. Co., 22 Tex. Civ. App. 635, 55 S. W. 610; Hughes v. Driver, 50 Tex. 175; Simmons v. Arnim, 110 Tex. 330, 220 S. W. 66; Houston Oil Co. of Texas v. Randolph (Tex. Com. App.) 251 S. W. 794, 28 A. L. R. 926.

The suit here is not between the judgment creditor and the judgment debtor, or a purchaser of property under sale of an irregular execution, but is a suit between a judgment creditor and an officer in whose hands has been placed for execution a writ issued not in conformity with the requirements with the statute, an irregular writ.

Appellants submit that under the undisputed facts, the alias execution having been issued by the clerk before the return of the original execution to Dallas county that no property can be found to satisfy same, the pertinent question presented here is whether, by reason of such irregularity, the constable was legally obligated to execute such alias writ, or, in other words, whether the officer was justified in failing to make the levy as directed by the writ.

In Warren v. Barron Bros. Millinery Co., 118 Tex. 659, 23 S.W.(2d) 686, the facts as therein stated were, in substance, as follows:

Plaintiff, the judgment creditor, in a judgment rendered in a justice court of Dallas county against the judgment debtor, who resided in Ellis county, sent executions to the defendant Warren, constable of Ellis county. The writs were regular in form but to none of them was attached a certificate of the county clerk showing that the justice of the peace issuing the executions was, in fact, a justice of the peace of Dallas county. The defendant constable knew of property of the judgment debtor subject to execution, but returned the writs without executing them. In that case two questions were certified:

"First: Where an execution issued by a Justice of the Peace is regular in all particulars, except it is not accompanied by a certificate of the County Clerk as required by Article 2450 of the Revised Statutes, and same is placed in the hands of a constable in another county for execution, is it of sufficient validity to require said officer in the adjoining county to execute same?

"Second: Were appellants, under the facts hereinbefore stated, liable to appellee for the amount of its judgment against Annie E. Mitchell because appellant Warren as constable failed to levy said writs of execution?"

The Commission of Appeals, section B, answered both questions in the negative. Judge Ryan, after referring to Dillard v. Stringfellow & Hume, 50 Tex. Civ. App. 410, 111 S. W. 769, where it was held that a venditioni exponas issued by the justice without the county clerk's attestation as to his official capacity was a substantial compliance with the statute, and that, had a levy and sale been made, same would not be void, then said: "However, here the question is not as to the rights of parties to the suit, or purchasers at a sale growing out of the levy on and sale of property under an irregular or voidable writ of execution, but whether the constable has the right to refuse to execute process not regular and not in full accordance with the statute."

The court further said that for his own protection the constable had the right to demand that the writ should be in strict accordance with the statute and contain all the statutory requirements, one of which was the certificate. The court further said that it was the duty of the judgment creditor to see that the writ of execution complied with the statute in all necessary particulars; he should not be allowed to evade this duty and shift it to the constable at the latter's peril.

The alias execution here having been issued by the clerk prior to the return of the original execution that no property could be found in Dallas county to satisfy the judgment, the issuance of the alias execution was at least irregular, and, as we view it, it becomes immaterial as to what fact or circumstance made the writ irregular, it was the right of the constable, under the Warren v. Barron Bros. Millinery Co. Case, supra, to see that the writ was regularly issued before making the levy.

Appellee refers us to many cases where the question was between litigants as to the effect of the sale of property under an irregular or voidable or void execution. We have reviewed the cases, and have concluded that such cases are not in point.

We have found no case in this state holding adversely to the Warren v. Barron Bros. Millinery Co. Case, supra, and believe it controlling in this case.

Reversed and rendered in favor of appellants.