W. F. WARREN ET AL. V. BARRON BROTHERS MILLINERY COMPANY, INC.

No. 5399. Decided February 5, 1930.
(23 S. W., 2d Series, 686.)

*Tom Whipple,* for appellant, cited Article 2450, Revised Statutes.

*Burgess, Owsley, Storey & Stewart,* for appellee.

When an execution is issued by a Justice of the Peace, directed to the Sheriff or any Constable of another county, such execution, when not properly certified by the County Clerk is voidable only, and can not be attacked by anyone except a party to the original judgment. Earle v. Thomas, 14 Texas, 583; Hodde v. Susan, 58 Texas, 389.

A constable or sheriff receiving an execution is liable in damages for failure and refusal to levy the same when the person against whom it is issued has property subject to execution, Rev. Stats., Article 3825; Hale v. Lange, 8 S. W. (2d) 1046.

MR. JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

The Honorable Court of Civil Appeals for the Tenth District presents the following certificate and questions:

"This suit was instituted by defendant in error against W. F. Warren, constable, and his bondsmen, to recover the full amount of a judgment held by defendant in error against Annie E. Mitchell, which defendant in error had obtained against her in a Justice Court in Dallas County. The facts are without dispute. It appears that defendant in error had three executions issued on its judgment in Dallas County against Annie E. Mitchell, directed to the sheriff or constable of Ellis County, and same were sent to W. F. Warren as constable in Ellis County for execution. At the time W. F. Warren received each of said executions, the defendant therein, Annie E. Mitchell, had property within the knowledge of said constable of sufficient value out of which the judgment could have been made. Without giving any reason therefor, the constable returned each of said executions without executing same.

Each of said executions was regular on its face and conformed to every provision of Article 2446 of the Revised Statutes relative to an execution issued by a Justice of the Peace. Neither of said executions, however, had attached thereto a certificate of the County Clerk, attested by his official seal, that the Justice of the Peace issuing the executions, or either of them, was in fact a Justice of the Peace in Dallas County, as is required by Article 2450 of the Revised Statutes. Thereafter a fourth execution was issued and had attached thereto a certificate as required by said Article 2450, Revised Statutes, but before it was received by the constable the defendant in execution, Annie E. Mitchell, had encumbered her property and said judgment could not then be collected.

"The trial court rendered judgment for defendant in error against W. F. Warren, constable, and his bondsmen for the full amount of said judgment, as provided by Article 3825 of the Revised Statutes. At a former day of this term of court we affirmed the judgment of the trial court. Motion for rehearing is now pending. Because the construction of said statute is involved, and by reason of the importance of the question at issue and since we have some doubt as to the soundness of our former opinion, we deem it proper to and do hereby certify to the Supreme Court for its determination upon the facts hereinbefore set out, the following questions:

"FIRST: Where an execution issued by a Justice of the Peace is regular in all particulars, except it is not accompanied by a certificate of the County Clerk as required by Article 2450 of the Revised Statutes, and same is placed in the hands of a constable in another county for execution, is it of sufficient validity to require said officer in the adjoining county to execute same?

"SECOND: Were appellants, under the facts hereinbefore stated, liable to appellee for the amount of its judgment against Annie E. Mitchell because appellant Warren as constable failed to levy said writs of execution?"

It has been held that an execution such as is contemplated in Article 2450, Revised Statutes 1925, issued without the county clerk's certificate, is not void where sale thereunder has taken place (Earle v. Thomas, 14 Texas, 583; Hodde v. Susan, 58 Texas, 389); it has also been held that after an execution issued by a justice of the peace to another county, regular and valid and to which was attached the county clerk's certificate, had to be returned before property levied on was sold, a *venditioni ex ponas* issued by the same justice but without the county clerk's attestation of his

official capacity, was a substantial compliance with the statute (Dillard v. Stringfellow, 111 S. W., 769).

Therefore, if the constable had executed the writ in question (it being in accordance with the statute in all other particulars) by levy and sale of property, such sale would not be void.

However, here the question is not as to the rights of parties to the suit, or purchasers at a sale growing out of the levy on and sale of property under an irregular or voidable writ of execution, but whether the constable has the right to refuse to execute process not regular and not in full accordance with the statute.

Justices' courts are not courts of record; they have no seal to authenticate their process.

Sheriffs and constables are liable personally for all their acts; it may be true that had this constable executed the writ of execution in question by levy on and sale of Annie E. Mitchell's property under the Dallas County judgments, that said Mitchell would be the only party who could complain, but for his own protection, the constable had the right to demand that the writ in question should be in strict accordance with the statute and contain all the statutory requirements, one of which is that the county clerk under his official certificate and seal certify that the party issuing the writ, is an acting justice of the peace of Dallas County.

Such official certificate and seal bears verity upon its face, and is statutory notification to the constable that the writ was issued by a proper justice of the peace; the constable is not required, where the statute provides the evidence of regularity, to institute independent and outside inquiries and investigation to satisfy himself that the name signed to the writ was in fact signed by an acting justice of the peace and that the purported signature thereto is genuine.

It was the duty of the judgment creditor to see that the writ of execution complied with the statute in all necessary particulars; he should not be allowed to evade this duty and shift it to the constable at the latter's peril. In this case the constable was requiring only that the statute be complied with and he be protected by the identification there provided, viz.: the county clerk's official signature and seal.

We therefore recommend that both questions be answered in the negative.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

*C. M. Cureton,* Chief Justice.