

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable R.S. Wyche
County Auditor
Gregg County
Longview, Texas

Dear Sir:

Opinion No. 0-4457
Re: (1) Does induction into the army under
the draft law of the justice of the
peace of Precinct No. 1, Gregg County,
Texas, create a vacancy in the office
of such justice of the peace?
)2) Is a justice of the peace a judge
of a "court of record" as the term "court
of record" is used in the Selective
Service Act, exempting a judge of a court
of record from the requirements of said
act?

Your letter of inquiry, directed to this department, dated
February 25, 1942, omitting the formal parts, is set out as follows:

"The Justice of the Peace of Precinct No. 1 of Gregg
County, Texas, is within the draft age and has been placed
in Class 1-A with the prospect of immediate induction into
the Army. Please advise me whether or not his being in-
ducted into the Army under the draft law creates a vacancy
in the office of Justice of the Peace of Precinct No. 1,
Gregg County, Texas. If this question is answered in the
affirmative, will I have authority to pay the salary until
expiration of the term of office?

"In view of the draft act exempting a Judge of a Court
of Records, will you likewise advise me whether or not the
office of the Justice of the Peace is a Court of Records
within the meaning of this law."

In opinion No. 0-3448, addressed to the Honorable Fred Morris,
County Auditor, Polk County, Livingston, Texas, this Department, follow-
ing Article 5, Section 24, of the Constitution of Texas, And following
also the opinion of the court in the case of Hamilton v. King (Texas
Civil Appeals, 1918), 204 S.W. 953, held that the induction of a county
attorney into the army did not create a vacancy in such office. Since
Article 5, Section 24, of the Constitution of the State of Texas, also
includes justices of the peace in its terms, we believe that the opinion
above referred to sufficiently answers your question regarding the
vacancy, and that following this opinion and in accordance with the
holding of the court, your first question should be answered in the nega-
tive, that is, that the induction into the army of the justice of the
peace, referred to in your letter, does not create a vacancy in such
office. A copy of this opinion is attached hereto for your information.

However, this opinion also relates to other matters, such as the right of the county attorney to appoint deputies or assistants to replace him during his absence while he is in the army, and you are not to infer that this department intends to extend such parts of this opinion to apply to justices of the peace. No request for a ruling on these matters was made by you and we do not rule on them at this time.

In answer to your second question relating to whether or not a justice of the peace is a judge of a "court of record", as that term is used in the selective service and training act of 1940, as amended, we quote below the applicable provisions of such Selective Service Act as follows:

"Selective service and training act of 1940, as amended.

"Sec. 5 (c) (1)  The Vice-President of the United States, the Governors, and all other state officials chosen by the voters of the entire state, of the several states and territories, members of legislative bodies of the United States from the several states and territories, judges of the courts of record of the United States and of the several states and territories and the District of Columbia, shall, while holding such offices be deferred from training and service under this act in the land and naval forces of the United States."

The earliest decision we find in the reported cases touching upon the question of whether or not the justice court is a court of record is Ex Parte Lee Quong, 31 S.W. 391, wherein the Court of Criminal Appeals of Texas had the following to say:

"The justices' courts are not courts of record. Their judgments are pronounced ore tenus, and the entry thereof is a mere ministerial act."

Hutcherson v. Blewett, 58 S.W. 150, Court of Civil Appeals of Texas, in an opinion had the following to say:

"Where one appeals from a justice court by making, in lieu of an appeal bond, affidavit of inability allowed by Revised Statutes, Article 1671, which provides it may be made before the court trying the case within ten days of judgment, he may show by parole that the court was in session when the affidavit was made and filed, justice courts not being courts of record."

The latest decision we are able to find following this line of reasoning is that of the Commission of Apprals of the Supreme Court of Texas, which in 1930 held as follows:

"Justice's courts are not courts of record, having no seal to authenticate process."  Warren v.BArron Bros. Millinery Co., 23 S.W. (2d) 686; 118 Tex. 659.

And in 26 Tex. Jur., p. 803, Sec. 17, we find the following:

"Chiefly, it seems for the reason that justice courts have no seal to authenticate their process, it has been decided that they are not courts of record."

In view of the foregoing, you are respectfully advised that it is the opinion of this Department that judges of justice courts are not judges of "courts of record" as that term is used in the Selective Service Act of 1940, as amended.

We trust that we have satisfactorily answered your inquiry,

                                    Yours very truly,

                                    ATTORNEY GENERAL OF TEXAS

                                    By s/Robert F. Cherry
                                         Robert F. Cherry
                                         Assistant

RFC:AMM:wc
Enclosure


APPROVED MAR 16, 1942
s/ GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL


Approved Opinion Committee by  s/BWB  Chairman