**BRIARGROVE PARK PROPERTY OWNERS, INC., Appellant,**

v.

**Stephen N. RINER, Appellee.**

**No. 6–92–082–CV.**

Court of Appeals of Texas, Texarkana.

Submitted Oct. 27, 1993.

Decided Nov. 9, 1993.

Rehearing Denied Dec. 14, 1993.

Alan Scheinthal, Eikenburg & Stiles, Houston, for appellant.

Stephen N. Riner, Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Briargrove Park Property Owners, Inc. appeals the trial court's failure to award attorney's fees and costs in its counterclaim against Stephen N. Riner to recover overdue real estate subdivision maintenance assessments. Riner raises several cross-points attacking the judgment awarding the assessments to the association. On original submission, we reversed the judgment insofar as it denied attorney's fees and remanded the case to the trial court for a determination of the amount to be awarded. We also held that Riner waived his appeal by voluntarily paying the judgment for the assessments.

On Riner's application for writ of error, the Supreme Court held that Riner had not waived his appeal and remanded the cause to us to rule on his three cross-points, 858 S.W.2d 370. We overrule the cross-points on the merits and remand the cause to the district court to determine the amount of attorney's fees.

This case originated as a suit to quiet title to a lot in the Briargrove Park subdivision.

Briargrove Park Property Owners, Inc. was joined in the suit as a defendant because it claimed a lien on the property. Briargrove filed a counterclaim to recover unpaid maintenance assessments against the property that had accrued since 1985. It also sought foreclosure of its lien securing the assessments and attorney's fees. In June of 1990, Riner, a defendant in the original title suit, offered to pay Briargrove $2,000.00 as full payment for the unpaid maintenance fees against the lot in which he claimed an interest. Riner's offer was for slightly more than the fees that were due, but it did not include any amount for costs or attorney's fees. Briargrove rejected the offer, and in October of 1991, Riner brought a cross-claim against Briargrove.

The original action was settled in November of 1991, with title to the lot being awarded to Riner. The cross-claim for the unpaid assessments went to trial, and the court rendered judgment awarding Briargrove $2,018.79 for past due fees and interest. The court, however, held that Riner had not personally breached the assessment covenant and rendered judgment for the assessments *in rem*, i.e. against the property, rather than rendering a personal judgment against Riner. The court further held that Briargrove was not a prevailing party and thus should not recover attorney's fees. An order of sale was issued, but Riner paid the judgment to avoid the sale.

We first decide whether Briargrove has waived its appeal, as Riner alleges, by accepting payment of the amount due under the trial court's judgment.

Generally, a litigant cannot prosecute an appeal once he has accepted the benefits of a judgment. *Biggs v. Biggs*, 553 S.W.2d 207, 209 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ dism'd). But where the appeal cannot possibly affect the appellant's right to the benefit secured under the judgment, an appeal may be taken. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950); *Caranas v. Jones*, 437 S.W.2d 905 (Tex.Civ.App.—Dallas 1969, writ ref'd n.r.e.). Briargrove correctly points out that it only contests the court's failure to award attorney's fees, and that the appeal can in no

event affect the trial court's judgment for the past due assessments. In *Baptist Memorial Hosp. System v. Bashara*, 685 S.W.2d 352 (Tex.App.—San Antonio 1984), *aff'd*, 685 S.W.2d 307 (Tex.1985), the court held that an appeal of attorney's fees was not barred by the appellant's acceptance of the judgment for damages. *Baptist Memorial Hosp. System v. Bashara*, 685 S.W.2d at 354. We conclude that Briargrove is not precluded from appealing the denial of attorney's fees.

■ Briargrove contends that the trial court erred in finding that it was not a prevailing party and in failing to award attorney's fees and costs. The claim for attorney's fees is based on TEX.PROP.CODE ANN. § 5.006 (Vernon 1984), which provides in Subsection (a):

> In an action based on breach of a restrictive covenant pertaining to real property, the court shall allow to a prevailing party who asserted the action reasonable attorney's fees in addition to the party's costs and claim.

The statute does not define "prevailing party." In construing another rule that apportions trial costs, our courts have held that a "successful party" is one who obtains a judgment vindicating a civil claim of right. *Mixon v. National Union Fire Ins. Co.*, 806 S.W.2d 332 (Tex.App.—Fort Worth 1991, writ denied); *Texas Dept. of Human Resources v. Orr*, 730 S.W.2d 435 (Tex.App.—Austin 1987, no writ); *see also* TEX.R.CIV.P. 131. In this case, Briargrove obtained a judgment that vindicated its claim for the full amount of overdue maintenance fees and thus should be considered a successful or prevailing party. Even if it can be said that by recovering a judgment *in rem* rather than a personal judgment, Briargrove did not prevail on all phases of its claim, it did prevail on the essential claim that the restrictive covenants had been breached by nonpayment of the assessments. That is sufficient to make it a prevailing party within the statute. *See City of Houston v. Muse*, 788 S.W.2d 419 (Tex.App.—Houston [1st Dist.] 1990, no writ).

Because Briargrove is a prevailing party, an award of attorney's fees under Section 5.006 is mandatory. *Inwood North Homeowners' Ass'n, Inc. v. Meier*, 625 S.W.2d 742 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ).

■ Riner contends that his $2,000.00 tender to Briargrove in June of 1990 relieved him from an obligation to pay attorney's fees and costs. He cites *Diversified, Inc. v. Walker*, 702 S.W.2d 717 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.), as support. That decision construes TEX.BUS. & COM.CODE ANN. § 3.604 (Vernon 1968), which relates to the payment of instruments and which releases a party who tenders payment to an instrument holder from any subsequent liability for costs and attorney's fees. While policy arguments might support a similar release under Section 5.006 of the Property Code to encourage settlement of disputes over restrictive covenants, the statute contains no such release.

Nevertheless, Riner insists that the common law rule of tender prohibits Briargrove's recovery of attorney's fees. As noted, Riner tendered Briargrove $2,000.00, which was more than the assessments but which did not include costs or attorney's fees.

■ Generally, a tender for the full amount of an obligation *before suit is filed* relieves the obligor of any liability for costs of any subsequent suit on the obligation. 58 TEX.JUR.3D *Payment* § 17 (1988). When attorney's fees are authorized on the obligation, however, the tender is ineffectual unless it includes the attorney's fees. *H.B. Zachry Co. v. Ceco Steel Products Corp.*, 404 S.W.2d 113, 135 (Tex.Civ.App.—Eastland 1966, writ ref'd n.r.e.); *Kinzbach Tool Co. v. Corbett–Wallace Corp.*, 145 S.W.2d 235, 240 (Tex.Civ.App.—Galveston 1940), *rev'd on other grounds*, 138 Tex. 565, 160 S.W.2d 509 (1942); 58 TEX.JUR.3D *Payment* § 9 (1988). Riner's tender was made after Briargrove filed its counterclaim to recover the assessments, costs, and attorney's fees, and the tender did not include the costs or attorney's fees. Thus, the tender was ineffectual.

Riner also contends that he was not awarded the property, but only holds "an interest" in the property and has possession of it. In his first amended answer to Briargrove's counterclaim, Riner stated that the property

was his homestead. Moreover, since the judgment did not award the assessments or fees against Riner personally, but against the property, the character of his interest in the property and whether he received that interest as an award in the lawsuit affecting the property or from some other source is not material to this appeal.

■ Briargrove contends that, rather than remanding the case to determine the amount of attorney's fees, we should render judgment for the fees because the testimony on the fee amounts, $8,000.00 for trial and $3,000.00 for appeal, was undisputed. Briargrove cites *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880 (Tex.1990), to support its argument. But that case does not mandate an award of the fees claimed in every case where testimony as to the amount of attorney's fees is uncontradicted. *Id.* at 882. Moreover, Section 5.006 of the Property Code requires the court awarding attorney's fees to consider the time and labor required; the novelty and difficulty of the questions; the expertise, reputation, and ability of the attorney; and any other factor.

Because we are not authorized to find facts, we must remand the cause to the trial court for a determination of reasonable attorney's fees and costs in accordance with the factors enumerated in Section 5.006 of the Property Code.

Riner raises three cross-points complaining of the judgment awarding Briargrove recovery of the unpaid maintenance assessments.

■ Riner first complains because the trial court failed to file findings of fact and conclusions of law sufficient to show the basis of the judgment. In response to Riner's request and reminder pursuant to TEX. R.CIV.P. 296, 297, the court filed findings of fact and conclusions. Riner did not request additional or amended findings and conclusions as provided by TEX.R.CIV.P. 298. In that circumstance, he has waived any complaint as to the inadequacy or incompleteness of the findings and conclusions. *Project Engineering USA Corp. v. Gator Hawk, Inc.*, 833 S.W.2d 716, 723 (Tex.App.—Houston [1st Dist.] 1992, no writ); *Keith v. Keith*, 763

S.W.2d 950, 953 (Tex.App.—Fort Worth 1989, no writ); *Able v. Able*, 725 S.W.2d 778, 780 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.); *Kincaid v. Gulf Oil Corp.*, 675 S.W.2d 250, 255 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.); *Flintkote Supply Co. v. Thompson*, 607 S.W.2d 41 (Tex.Civ.App.—Beaumont 1980, no writ). Additionally, we find that the facts here are basically undisputed and the basis of the trial court's judgment as to the assessments is clear. Thus, Riner was not harmed by the failure to file additional findings and conclusions. *See Nunez v. Nunez*, 771 S.W.2d 7, 10 (Tex.App.—San Antonio 1989, no writ).

In his second cross-point, Riner argues that the evidence is legally and factually insufficient to support the award of $2,018.79.

The court heard the undisputed testimony of Wanda Cobb, the manager of Briargrove Park, that the maintenance fees for 1985 through 1990 had not been paid on January 11, 1990, the date Briargrove filed its original answer. Cobb testified that she was personally involved in each of the amendments to the restrictions, in 1984, 1986, and 1989. She testified to the amounts of the fees and the rate increases per the amendments of 1986 and 1989. She also testified as to the amounts due, including the basic fees, the rates of interest on the unpaid amounts as called for by the restrictions, and the extra amount charged due to failure of the owner or owners of the lot in question to perform maintenance. In addition, the restrictions themselves were part of the evidence at trial.

■ Riner bases his claim of insufficient evidence on the argument that the four-year statute of limitations relative to lien debts, TEX.CIV.PRAC. & REM.CODE ANN. § 16.035 (Vernon 1986), bars all of the assessments accruing prior to 1987. Briargrove's claim for the fees was in the form of a counterclaim brought after being sued as a defendant in the original action to quiet title. TEX.CIV. PRAC. & REM.CODE ANN. § 16.069 (Vernon 1986) reads as follows:

(a) If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or

cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required.

(b) The counterclaim or cross claim must be filed not later than the 30th day after the date on which the party's answer is required.

This section allows a party to revive a claim otherwise barred by an applicable statute of limitations through a counterclaim or cross claim, if such arises out of the same transaction or occurrence and if such is filed within thirty days of the date the answer is due.

There is no dispute that Briargrove's counterclaim arose out of the same transaction or occurrence. Additionally, the record shows that Briargrove filed its answer and counterclaim on January 10, 1990, within the thirty-day time period set out in Section 16.069(b). Therefore, Briargrove's claim was revived and Riner's contention regarding the statute of limitations is inapplicable to this suit.

Based on the record, then, there is legally and factually sufficient evidence to support the trial court's award.

■ Finally, Riner argues that the trial court erred in awarding Briargrove post-judgment interest because his tender on June 15, 1990, stopped the running of interest as of that date. Riner bases this argument solely on *Diversified, Inc. v. Walker*, 702 S.W.2d 717.

As we noted earlier, the *Diversified* decision construes TEX.BUS. & COM.CODE ANN. § 3.604, which relates to the payment of *instruments*. This case involves maintenance fees due under restrictive covenants pertaining to real property. The Texas Property Code contains no provisions analogous to Section 3.604 and, therefore, Riner's argument is inapposite.

Briargrove is entitled to attorney's fees as provided in Section 5.006 of the Property Code, since it prevailed on its claim to recover unpaid maintenance assessments owed under a restrictive covenant. We reverse the judgment insofar as it denies attorney's fees and costs, and remand the cause to the trial court for a determination of reasonable attorney's fees and costs.