COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EMORY NASH, | § | No. 08-07-00211-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law No. Three |
| DENNIS PETERS, | § | |
| | | of Tarrant County, Texas |
| Appellee. | § | |
| | | (TC#05-032431-3) |
| | § | |

**O P I N I O N**

This is an appeal from a judgment rendered in favor of Appellee (Dennis Peters), the defendant below, on a suit brought by Appellant (Emory Nash) for enforcement of deed restrictions in a residential subdivision. We reverse.

**BACKGROUND**

Contending Peters violated certain deed restrictions by maintaining junked cars on his property and engaging in improper trash burning, Nash filed suit in the Justice Court. Peters denied the allegations, but a jury determined otherwise and found for Nash, awarding him $3,500 in punitive damages for breach of the restrictive covenant and $1,500 in attorneys' fees.

Peters appealed the jury's verdict to the County Court. Filing a second amended petition, Nash also sought injunctive relief barring Peters' further violation of the deed restrictions. Claiming that the County Court lacked jurisdiction to consider Nash's contentions since Nash was seeking injunctive relief and could not prove any monetary damages from Peters' alleged breach of the deed restrictions, Peters moved for summary judgment on traditional and no-evidence grounds. In addition to responding to Peters' summary-judgment motion, Nash filed a motion to sever all causes

of action that were not pled in the Justice Court. He also sought to sever the injunctive actions as the injunctive relief arose from the same core set of facts pled in the Justice Court. The court granted a partial summary judgment to Peters and denied Nash's action for injunctive relief.

On January 24, 2007, Nash's suit for breach of deed restrictions was tried to a jury in the County Court. The jury found that Peters violated the restrictive covenant in question and awarded $20,262.50 in attorneys' fees. In response, Peters moved for judgment in his favor. The court agreed with Peters and rendered judgment that Nash take nothing, since he was not a prevailing party, and ordered Nash to pay the costs of the suit. After Nash's motion for rehearing was denied, he appealed.

## DISCUSSION

Nash raises two issues on appeal. First, he contends that the County Court abused its discretion by finding the Justice Court lacked jurisdiction to grant him relief in the deed-enforcement suit, and second, that the County Court erred in failing to grant him attorneys' fees. The parties do not contest that Peters violated the deed restrictions, but rather whether Nash, having failed to plead monetary damages or obtain injunctive relief in the Justice Court, was a prevailing party.

The applicable statutes at issue are Section 27.034 of the Government Code, which provides that a justice court has concurrent jurisdiction with district courts in suits to enforce residential subdivisions' deed restrictions, and Section 5.006 of the Property Code, which provides that "[i]n an action based on breach of a restrictive covenant pertaining to real property, the court shall allow to a prevailing party who asserted the action reasonable attorney's fees in addition to the party's costs and claim." TEX. PROP. CODE ANN. § 5.006(a) (Vernon 2004); TEX. GOV'T CODE ANN. § 27.034(a) (Vernon 2004). Peters argues that only courts of record can enter a declaratory judgment and grant injunctive relief, and since justice courts are not courts of record, Peters concludes that the Justice

Court lacked jurisdiction to enter a declaratory judgment, and as such, could not have granted Nash the requisite injunctive relief, thus failing to make Nash the prevailing party.

Peters is correct that a justice court is not a court of record. *See Warren v. Barron Bros. Millinery Co.*, 118 Tex. 659, 23 S.W.2d 686, 687 (1930); *Healthelp Servs. Group, Inc. v. Iskcon Asset Management*, No. 14-97-01300-CV, 1999 WL 459770, at *2 (Tex. App.–Houston [14th Dist.] July 8, 1999, rev. dism'd w.o.j.) (op., not designated for publication). However, we do not believe that a justice court lacks the ability to enter a declaratory judgment when faced with a suit to determine whether restrictive covenants have been violated. Although the general rule is that only courts of a record may render a declaratory judgment, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 37.003(a) (Vernon 2008), we believe that Section 27.034, a much more specific statute, inherently grants the justice court the ability to enter a declaratory judgment in suits relating to the enforcement of a deed restriction. *See Bala v. Maxwell,* 909 S.W.2d 889, 892 (Tex. 1995); TEX. GOV'T CODE ANN. § 311.026 (Vernon 2005) (specific statutes control over more general statute). By specifically granting the justice court jurisdiction in deed-enforcement suits, the justice court, in essence, must declare the parties' rights and status with respect to the enforcement of the deed restrictions.

We recognize that Section 27.034(j) states that a justice court may not grant injunctive relief to a party; however, that does not mean that a justice court could not grant a declaratory judgment. TEX. GOV'T CODE ANN. § 27.034(j). Further, even if we were to conclude that the Justice Court lacked the authority to enter a declaratory judgment in this matter, that does not mean that the court lacked jurisdiction to hear the case, much less that Nash, having failed to obtain injunctive relief, was not the prevailing party in his suit to enforce the deed violations. Nor is there any requirement in such suits that the plaintiff must plead monetary damages to be labeled the prevailing party on a finding that a defendant violated a deed restriction. Rather, the plaintiff simply must prove that the

defendant intended to do an act which would breach the deed restriction or that the defendant violated the deed restriction. *Jim Rutherford Investments, Inc. v. Terramar Beach Community Ass'n*, 25 S.W.3d 845, 853 (Tex. App.–Houston [14th Dist.] 2000, pet. denied); *Munson v. Milton*, 948 S.W.2d 813, 815 (Tex. App.–San Antonio 1997, pet. denied). If the court so finds, the plaintiff was the prevailing party. *See Briargrove Park Property Owners, Inc. v. Riner*, 867 S.W.2d 58, 61 (Tex. App.–Texarkana 1993, writ denied); *City of Houston v. Muse*, 788 S.W.2d 419, 424 (Tex. App.–Houston [1st Dist.] 1990, no writ). And as the successful prosecutor of the breach-of-deed restriction, the court must award him attorneys' fees. TEX. PROP. CODE ANN. § 5.006 (a); *Anderson v. New Property Owners' Ass'n of Newport, Inc.*, 122 S.W.3d 378, 390 (Tex. App.–Texarkana 2003, pet. denied); *Pebble Beach Prop. Owners' Ass'n v. Sherer*, 2 S.W.3d 283, 291-92 (Tex. App.–San Antonio 1999, pet. denied); *Inwood North Homeowners' Ass'n, Inc. v. Meier*, 625 S.W.2d 742, 743-44 (Tex. Civ. App.–Houston [1st Dist.] 1981, no writ).

Here, the Justice Court, by statute, had jurisdiction to hear Nash's suit against Peters for violating the deed restrictions. *See* TEX. GOV'T CODE ANN. § 27.034(a). Having received a verdict that Peters breached the restrictive covenants in question, Nash was the prevailing party in his suit and entitled to recover attorney's fees.[1] *Jim Rutherford Investments, Inc.*, 25 S.W.3d at 853; *Briargrove Park Property Owners, Inc.*, 867 S.W.2d at 61; *Muse*, 788 S.W.2d at 424; *Finkelstein v. Southhampton Civic Club*, 675 S.W.2d 271, 279 (Tex. App.–Houston [1st Dist.] 1984, writ ref'd n.r.e.). Accordingly, we sustain Nash's first and second issues.

## CONCLUSION

We reverse the County Court's judgment and render judgment in favor of Nash as the prevailing party. We further reinstate the jury's award of attorneys' fees to Nash and remand the

---

[1] Peters does not contend that the attorneys' fees awarded by the jury were unreasonable.

cause to the County Court for proceedings consistent with this opinion.

GUADALUPE RIVERA, Justice

December 23, 2009

Before Chew, C.J., McClure, and Rivera, JJ.