ACCEPTED
03-14-00714-CV
5580877
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/8/2015 11:50:37 AM
JEFFREY D. KYLE
CLERK

# No. 03-14-00714-CV

_____

## Court of Appeals
## Third Judicial District of Texas
## Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/8/2015 11:50:37 AM
JEFFREY D. KYLE
Clerk

_____

KEVIN TARR,
Appellant,

v.

LANTANA SOUTHWEST HOMEOWNERS' ASSOCIATION, INC.,
Appellee.

_____

## REPLY BRIEF OF APPELLANT

_____

On Appeal from the 98th District Court
of Travis County, Texas
Trial Court No. D-1-GN-12-002467
Judge Rhonda Hurley, Presiding

_____

Matthew Ploeger
State Bar No. 24032838
LAW OFFICE OF MATTHEW PLOEGER
901 S. Mopac Expressway, Suite 300
Barton Oaks Plaza, Building One
Austin, Texas 78746
P: 512.329.1926
F: 512.298.1787
Matthew@PloegerLaw.com

*Attorney for Appellant*

## RECORD REFERENCES

In this brief, the following record citation forms will be used:

- Clerk's Record will be cited as "CR[page]."
- Supplemental Clerk's Record will be cited as "SCR[page]."
- Tarr's "Brief of Appellant" will be cited as "Br. at [page]."
- Lantana's "Reply Brief of Appellee" will be cited as "Resp. at [page]."

**TABLE OF CONTENTS**

Record References ................................................................................ ii

Table of Contents ................................................................................ iii

Index of Authorities ............................................................................ iv

Introduction ........................................................................................1

Argument............................................................................................4

I.  The trial court erred in granting summary judgment for Lantana on its
    claim that Westlake Recovery House breached the deed restriction..................4

    A.  Lantana, not Tarr, had the burden to prove whether Westlake
        Recovery House was protected by the FHA and other laws. .......................4

    B.  The evidence is more than sufficient to raise a genuine issue of
        material fact that WRH is a protected group home and, thus,
        permissible under the restriction and federal law......................................7

    C.  Lantana's assertion that the home violates the covenant because it is
        a "duplex" is a red herring. .........................................................10

II. The trial court erroneously granted summary judgment on Mr. Tarr's
    counterclaims based entirely on its erroneous summary judgment on the
    affirmative defenses. ....................................................................12

III. The trial court erred in awarding attorney's fees to the HOA based on a
    void and unenforceable injunction....................................................12

    A.  Tarr did not agree that Lantana was entitled to recover attorney's
        fees.......................................................................................12

    B.  To be a "prevailing party," one must obtain some meaningful relief
        that materially alters the position of the parties. ...............................13

Conclusion and Prayer .....................................................................15

Certificate of Compliance .................................................................17

Certificate of Service .......................................................................17

# INDEX OF AUTHORITIES

**Cases**

*AHF Community Development LLC v. City of Dallas*,
633 F. Supp. 2d 287 (N.D. Tex. 2009) ..................................................................4

*Burch v. Coca-Cola Co.*,
119 F.3d 305 (5th Cir. 1997) ...............................................................................8

*Burka v. New York City Transit Auth.*,
680 F. Supp. 590 (S.D.N.Y. 1988) .....................................................................10

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)..............................................................................................4

*City of Livonia v. Dep't of Soc. Servs.*,
423 Mich. 466, 378 N.W.2d 402 (1985)..............................................................11

*Gillebaard v. Bayview Acres Ass'n,*
263 S .W.3d 342 (Tex. App—Houston [1st Dist.] 2007, pet. denied) .................5

*Hicks v. Falcon Wood Prop. Owners Ass'n*,
No. 03-09-00238-CV, 2010 WL 3271723
(Tex. App.—Austin Aug. 19, 2010, no pet.) (mem. op.) .....................................6

*Intercontinental Group P'ship v. KB Home Lone Star L.P.*,
295 S.W.3d 650 (Tex. 2009)...............................................................................13

*Jeffrey O. v. City of Boca Raton*,
511 F. Supp. 2d 1328 (S.D. Fla. 2007) ...............................................................10

*Lund v. Leibl*,
No. 03-99-00032-CV, 1999 WL 546996
(Tex. App.—Austin July 29, 1999, no pet.) (mem. op.)...................................4, 5

*McKey v. Occidental Chemical Corp.*,
956 F. Supp. 1313 (S.D. Tex. 1997)......................................................................7

*McKivitz v. Twp. of Stowe*,
769 F. Supp. 2d 803 (W.D. Pa. 2010)....................................................................9

*Merrell Dow Pharm., Inc. v. Havner,*
953 S.W.2d 706 (Tex. 1997).................................................................................10

*Mohamed v. Exxon Corp.*,
  796 S.W.2d 751 (Tex. App.—Houston [14th Dist.] 1990, writ denied) ...............8

*Norton v. Deer Creek Prop. Owners Ass'n, Inc.*,
  No. 03-09-00422-CV, 2010 WL 2867375
  (Tex. App.—Austin July 22, 2010, no pet.) (mem. op.)....................................13

*Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown*,
  294 F.3d 35 (2d Cir. 2002) ...............................................................9, 10

*Taylor v. Principal Financial Group, Inc.*,
  93 F.3d 155 (5th Cir. 1996) .....................................................................7

*United States v. City of Chicago Heights*,
  161 F. Supp. 2d 819 (N.D. Ill. 2001).....................................................11

*Wagner v. Fair Acres Geriatric Center,*
  49 F.3d 1002 (3d Cir.1995) .....................................................................9

*Wibbenmeyer v. TechTerra Communications, Inc.*,
  No. 03-09-00122-CV, 2010 WL 1173072
  (Tex. App.—Austin Mar. 26, 2010, pet. denied) (mem. op.).............................14

**Rules**

TEX. R. CIV. P. 166a(i) ........................................................................10

TO THE HONORABLE COURT OF APPEALS:

Appellant Kevin Tarr respectfully submits this Reply Brief.

## INTRODUCTION

Lantana largely ignores Tarr's argument and authority hoping, perhaps, that this Court will ignore it, too.

### *Burden of Proof*

Lantana attempts to improperly shift the burden of proof. Specifically, the deed restriction on which the HOA bases its claim expressly provides that it does not exclude uses that are protected by federal or state law, which includes the FHA's protection of group homes for the handicapped. Thus, to prove breach, <u>Lantana</u> must prove that Mr. Tarr's use of the property as a group home falls outside the deed restriction's inclusive definition. Thus, the cases Lantana cites are inapposite. None of the cited cases involves a covenant that incorporates statutory protections into the definition of permissible uses, like the one here.

But even if the covenant did not contain this provision and Lantana were correct that once the HOA otherwise establishes a breach the burden shifts to the homeowner, the First Summary Judgment would still have been erroneous. At the time of the first summary judgment, Lantana had not established any breach. Indeed, the issue of breach was not raised in Lantana's first motion for summary judgment. Thus, under Lantana's own position, the burden had not shifted to Tarr. It was not

1

until the second motion for summary judgment that Lantana purported to establish a breach of the covenant. But the trial court, relying entirely on the erroneous first summary judgment, ignored the evidence that the WRH residents were disabled under the FHA and related statutes.

### *Evidence of Disability*

In its response, Lantana also ignores the evidence and case law holding such evidence sufficient to establish that residents of recovery facilities are protected. Rather than address the overwhelming weight of authority, Lantana asserts that it is irrelevant because some of it comes from other jurisdictions despite the fact that those courts were addressing the federal law at issue here. Moreover, despite Lantana's mischaracterization, the supposedly superior law Lantana relies on is in no way inconsistent with case law from other federal or state courts cited by Tarr.

Lantana simply fails to offer any response to Tarr's argument and authority that evidence regarding the nature of a recovery home and requirements for admission to it constitute legally sufficient evidence that its residents satisfy the statutory definition of "disability." In short, Lantana offers no supportable argument that the evidence proffered in the trial court did not create a genuine issue of material fact with respect to the disability of the Westlake Recovery House ("WRH") residents or the applicability of the federal and state protections afforded to them.

This Court should reverse and remand for a trial.

2

***Attorney's Fees***

Lantana apparently concedes that the trial court's injunction is invalid and unenforceable. Lantana argues, however, that it should nevertheless be entitled to attorney's fees because (1) Tarr agreed to the fees and (2) a bare finding of the breach of a restrictive covenant is sufficient to support a fee award. Both propositions are meritless. First, as Lantana well knows, Tarr stipulated only with respect to the amount of fees, not Lantana's entitlement to fees in the first place. It is outrageous to suggest otherwise. Second, Lantana ignores the governing authority of this Court and the Texas Supreme Court that provides that, in order to be a "prevailing party" under the relevant fees statute, the party must obtain some meaningful relief that materially alters the position of the parties, whether the relief is monetary or injunctive. Here, Lantana received no damages award and, as Lantana concedes, the injunction is invalid and unenforceable. It obtained no actual relief and is not entitled to recover attorney's fees. Thus, at the very least, this Court should vacate the attorney's fees award in recognition that the injunction is invalid.

3

# ARGUMENT

## I.     The trial court erred in granting summary judgment for Lantana on its claim that Westlake Recovery House breached the deed restriction.

### A.     Lantana, not Tarr, had the burden to prove whether Westlake Recovery House was protected by the FHA and other laws.

Lantana assert that "Once a violation of deed restrictions are [sic] shown, the burden shi[f]ts to the person claiming Fair Housing Act protection." Resp. at 29. But this burden-shifting approach simply does not apply here.

Lantana first cites *AHF Community Development LLC v. City of Dallas*, 633 F. Supp. 2d 287 (N.D. Tex. 2009), and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Both of these cases, however, involve **claims** brought under the FHAA by someone claiming a disability; they do not involve purported violations of a restrictive covenant. Of course, when asserted ***as a claim***, the individual asserting that claim bears the burden of proof. If these cases have any relevance to this issue, it is simply that it is the party asserting a claim, such as Lantana here, that has the burden of proof on that claim. Nothing in these cases suggests that Tarr has the burden to prove that his use of his property does not violate the covenant.

Next, Lantana relies on *Lund v. Leibl*, No. 03-99-00032-CV, 1999 WL 546996 (Tex. App.—Austin July 29, 1999, no pet.) (mem. op.). *Lund* involved a challenge to a temporary injunction. The homeowner argued that to obtain a temporary injunction, the plaintiff must establish an injury, which, the homeowner

argued, included showing that the home was not protected by the FHAA. The court rejected this contention, explaining that probable injury is not part of the temporary injunction analysis in a deed restriction case.

Lantana's reliance on *Lund* is misplaced. It is easily distinguished from this case by the fact that there, unlike here, the restrictive covenant did not incorporate federal and state law protections in defining what constitutes a permissible use. As the proponent of its claim, Lantana has the burden of proving that WRH is not a permissible use, including that it is not a protected group home. Lantana attempts to simply wave away this fact by asserting that the purpose of the provision is simply to acknowledge that state and federal law may trump the covenant and permit its violation. Resp. at 28. But no provision would be necessary if that were its purpose. Moreover, the restriction does not provide that a group home violates the covenant but is nevertheless allowed if the owner can establish the applicability of the statute. Rather, it provides that group homes are included within the definition of permissible residential use and, thus, do not violate the restriction in the first place.

Because Lantana has the burden of proving that Tarr's use is not a permissible use, it is Lantana's burden to prove that WRH is not what it purports to be, a protected group home for recovering alcoholics and drug addicts. *Gillebaard v. Bayview Acres Ass'n,* 263 S .W.3d 342, 347 (Tex. App—Houston [1st Dist.] 2007, pet. denied); *Hicks v. Falcon Wood Prop. Owners Ass'n*, No. 03-09-00238-CV, 2010

5

WL 3271723, at *7 (Tex. App.—Austin Aug. 19, 2010, no pet.) (mem. op.). But Lantana made no effort to show that WRH is not the permissible residential group home that it is. It did not even depose any of the then-residents or discover any evidence that admission to WRH does not require a statutory disability.

In any case, even if this burden-shifting approach did apply here, it would not have the effect Lantana asserts. At the time of the First Summary Judgment on the FHA "affirmative defense," Lantana had proffered no evidence of any violation. Rather, Lantana merely asserted that the federal and state protections simply did not apply. CR168-75. ***Thus, even under Lantana's view, the burden had not shifted to Tarr to adduce any evidence that his home was protected by the FHA.***

All of Lantana's protestations that only the first summary judgment matters must fail. At the time of the first summary judgment, the burden had not shifted to Tarr under Lantana's own burden-shifting argument. Lantana did not argue or present evidence establishing that Tarr had violated the covenant. Thus, Tarr had no obligation, even under Lantana's position, to present evidence that his use of the property was protected by federal and state law. This, in addition to all of the other reasons argued here and in Tarr's opening brief, Lantana's assertion that the First Summary Judgment governs the entire case must be rejected.

6

**B.** **The evidence is more than sufficient to raise a genuine issue of material fact that WRH is a protected group home and, thus, permissible under the restriction and federal law.**

Rather than respond to the authority and argument presented in Appellant's opening brief regarding the type and sufficiency of evidence of disability, Lantana asks this Court simply to ignore it. Lantana asserts that none of Appellant's cases are relevant in view of the supposed governing authority. But the authority Lantana cites is in no way inconsistent with Tarr's arguments and authority and does not suggest that his evidence is legally insufficient to survive summary judgment.

After citing a number of unrelated cases discussing the federal summary judgment standards—which are, of course, of little relevance here and shed little light on the sufficiency of Mr. Tarr's evidence of disability—Lantana cites three cases regarding disability claims, none of which is inconsistent with the authority Mr. Tarr cites. The first two, *Taylor v. Principal Financial Group, Inc.*, 93 F.3d 155 (5th Cir. 1996), and *McKey v. Occidental Chemical Corp.*, 956 F. Supp. 1313 (S.D. Tex. 1997), merely state the uncontroversial point that "disability" requires more than showing impairment; as discussed in Appellant's opening brief, it requires a showing that the impairment was substantially limiting in daily life. Lantana does not even attempt to explain why Tarr's evidence of substantial limitation is insufficient. Nor does Lantana attempt to explain how these cases are inconsistent with the widespread and diverse authority holding that admission to a group home

7

recovery facility is prima facie evidence of disability. Nor does Lantana attempt to explain how one might otherwise prove disability for a fluid and changing population of residents.

Last, Lantana cites *Burch v. Coca-Cola Co.*, 119 F.3d 305 (5th Cir. 1997), a Fifth Circuit case that Lantana asserts governs.[1] But *Burch* is in no way inconsistent with the authority cited by Appellant Tarr. To begin with, as with Lantana's other cases, *Burch* did not involve a deed restriction claim against a group recovery facility but an individual discrimination claim against an employer. Thus, the *Burch* court did not address the issue presented in this case, namely, what evidence is sufficient to establish that a group home is protected under the FHA and related statutes. It is in no way inconsistent with the authority cited in Tarr's opening brief holding that the nature of a recovery facility and admission requirements are sufficient evidence of a resident's disability, including limitation in a major life activity. Br. at 34-42. Overwhelming authority—indeed, Lantana cites no opposing authority—holds that the type of evidence presented in the trial court here is sufficient. *Id.*; *see, e.g.*, *Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown* ("*RECAP*"), 294 F.3d 35,

---

[1] Notably, Lantana appears to labor under the misimpression that Texas state courts are bound by interpretations of the Fifth Circuit. State courts are bound by the authority of higher state courts and the United States Supreme Court. Other federal or state authority, even from the Fifth Circuit, is persuasive but not binding. *See Mohamed v. Exxon Corp.*, 796 S.W.2d 751, 753 (Tex. App.— Houston [14th Dist.] 1990, writ denied).

47-48 (2d Cir. 2002); *Wagner v. Fair Acres Geriatric Center,* 49 F.3d 1002, 1010 (3d Cir.1995); *McKivitz v. Twp. of Stowe*, 769 F. Supp. 2d 803, 822 (W.D. Pa. 2010) (holding that admission to facility is sufficient evidence of disability).  Lantana offers nothing to support its assertion that this Court should ignore and reject this authority.

Further, the *Burch* court held merely that the plaintiff's testimony in that employment discrimination case—which was limited to the temporary effects of being inebriated, *i.e.*, falling down while drunk—was not sufficient. *Id.* at 315-16. Further, the plaintiff testified that his drinking had not affected his work. *Id.* at 316 n.9.  Thus, in *Burch*, unlike here, there was no evidence of the permanent effects of alcohol or drug dependency.  Indeed, the court specifically noted that such evidence would be sufficient to establish disability. *Id.*  The evidence here clearly demonstrates that the WRH residents suffer long-term and continuing limitations in living far beyond the temporary effects of inebriation.  Each resident testified regarding his inability to function normally in everyday life and work as a result of their addictions even when they are not actively drinking or taking drugs.[2] *See* Br.

_____

[2] Lantana's assertion that Tarr waived any request that the trial court reconsider the improper First Summary Judgment is meritless.  The issue was clearly before the trial court in the form of Tarr's response to Lantana's second motion for summary judgment.  Lantana's assertion that hearings must be had on a separate motion for reconsideration is meritless.  Resp. at 44-45.  Moreover, as discussed above, Tarr does not have the burden of proof on this issue and the first summary judgment on "affirmative defenses" is a nullity.  Further, under Lantana's burden-shifting approach, at the time of the first summary judgment, the burden had not shifted to Tarr because it

9

at 40-42; SCR23-37. *See, e.g.*, *RECAP*, 294 F.3d at 47-48 (inability to "caring for one's self" without relapse is necessarily a limitation in a major life activity); *Jeffrey O. v. City of Boca Raton*, 511 F. Supp. 2d 1328, 1334-35 (S.D. Fla. 2007) (same); *Burka v. New York City Transit Auth.*, 680 F. Supp. 590, 600 n.18 (S.D.N.Y. 1988) (same); *see generally* Br. at 34-42.

Taking all inferences in Mr. Tarr's favor, as the Court must, there is certainly more than a mere scintilla of evidence that the residents of WRH are disabled within the statutory definition.[3]

### C. Lantana's assertion that the home violates the covenant because it is a "duplex" is a red herring.

Lantana baselessly states that it is "without dispute" that the home is a duplex. First, this entire issue is a red herring and cannot constitute a second purported violation of the restrictions. The term "duplex" does not appear in paragraph 4.1 of the restrictions. Nor is there any evidence that the appearance or structure of the home is anything other than that of a single-family residential.[4]

---

was not until the second motion for summary judgment that Lantana put the breach issue before the trial court.

[3] Tex. R. Civ. P. 166a(i); *Merrell Dow Pharm., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997).

[4] Notably, as the photographs of the home that Lantana submitted show, there is no second front entry door, the backyard has not been subdivided, and the utilities have not been sub-metered. CR370. Further, Lantana did not submit the findings of the City of Austin Code Enforcement inspector following inspections in August and September 2012 that were initiated by the neighbor's allegations, because the inspector concluded that the home is, in fact, not a duplex. CR482.

Indeed, Lantana's sole complaint is that there are unrelated persons occupying the home for which Tarr receives compensation. But as explained here and in Tarr's opening brief, a group home for recovering alcoholics and drug addicts does not violate paragraph 4.1. Further, Lantana simply ignores the authority that holds that a group home may, without violating any restrictive covenant, receive income for its operations.[5] *See, e.g.*, *United States v. City of Chicago Heights*, 161 F. Supp. 2d 819, 844 (N.D. Ill. 2001) (The FHA "does not require group home providers to give away their services, to operate at a loss, nor to declare a particular tax status. If it did, there would be far fewer residences for disabled persons than there presently are."); *Rhodes v. Palmetto Pathway Homes, Inc.*, 303 S.C. 308, 400 S.E. 2d 484, 485-86 (1991); *City of Livonia*, 378 N.W.2d at 431 (holding that the fact that residents may be required to pay for services does not "transform the nature of the activities conducted in the home from residential to commercial."); *see generally* Br. at 24-31.

Thus, contrary to Lantana's contention, the "duplex" provision of the covenants does not constitute a purported second violation of the restrictions. If the home is protected by the FHA and related statutes, then its internal physical structure

---

[5] Lantana makes a rather outsized point that the focus is "income producing" rather than "for profit." Indeed, this is a point made in Tarr's opening brief. The term "for profit" is taken from Lantana's own pleadings in this case.

(even if there were any evidence that it was altered) and the receipt of compensation are immaterial.

## II. The trial court erroneously granted summary judgment on Mr. Tarr's counterclaims based entirely on its erroneous summary judgment on the affirmative defenses.

The bulk of Lantana's response on this point is simply a procedural history and a reiteration of its assertion that *Burch* disposes of relevant case law. As discussed above, it does not. Indeed, Lantana raises no additional arguments in this section.

## III. The trial court erred in awarding attorney's fees to the HOA based on a void and unenforceable injunction.

Lantana does not contest that the injunction is void and unenforceable.[6] Rather, it merely says it does not matter because (1) Tarr allegedly agreed to the fees award and (2) case law from other districts says that breach is all that is needed to be a prevailing party. Both of Lantana's assertions are wrong.

### A. Tarr did not agree that Lantana was entitled to recover attorney's fees.

Lantana's assertion that Tarr agreed that Lantana was entitled to fees is disingenuous. In fact, Tarr stipulated only to the *amount* of fees, not that Lantana is

---

[6] Moreover, Lantana does not request that this Court remedy the obvious defects in the injunction. Nor could it, because Lantana has waived any right to complain about the injunction by repeatedly moving for and submitting final judgments that include the invalid injunction and failing to cross appeal on this issue.

entitled to recover any fees in the first place.  As the trial court (and Lantana) recognized, Tarr had the right to challenge all other issues, including Lantana's entitlement to fees.  "No part of this Final Modified Judgment or the prior orders of this Court are agreed to by Tarr except the <u>amount</u> of reasonable and necessary attorney's fees set forth above, and Tarr reserves his right to appeal from every other ruling in this Judgment and those prior orders."  CR623 (App-A) (emphasis added).  For Lantana to assert otherwise is a gross mischaracterization of the record.

**B.      To be a "prevailing party," one must obtain some meaningful relief that materially alters the position of the parties.**

Lantana's assertion that the attorney's fees award was based not on the injunction but, rather, the alleged breach alone entirely misses the point of Tarr's argument that it was not a "prevailing party" under section 5.06 and is contrary to this Court's and the Texas Supreme Court's precedents.

In *Norton v. Deer Creek Prop. Owners Ass'n, Inc.*, No. 03-09-00422-CV, 2010 WL 2867375 (Tex. App.—Austin July 22, 2010, no pet.), this Court, applying Texas Supreme Court authority, explained that to be entitled to attorney's fees as a "prevailing party" under section 5.06, the party must obtain "actual relief on the merits of his claim" that "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at *8 (quoting *Intercontinental Group P'ship v. KB Home Lone Star L.P.,* 295 S.W.3d 650, 654 (Tex. 2009)); *see also Wibbenmeyer v. TechTerra*

13

*Communications, Inc.*, No. 03-09-00122-CV, 2010 WL 1173072, at *10 (Tex. App.—Austin Mar. 26, 2010, pet. denied) (mem. op.) (explaining that the party must have obtained relief from the court that effect a "material alteration of the legal relationship of the parties"). Thus, the touchstone is not a naked finding of breach but, rather whether any material relief or change in the position of the parties is obtained.

The main case on which Lantana relies is *Nash v. Peters*, 303 S.W.3d 359 (Tex. App.—El Paso 2009, no pet.). To the extent that *Nash*, which involved issues regarding the jurisdiction of justice courts, stands for the proposition that a party "prevails" even if it does not obtain any actual relief (be it monetary or injunctive), it was wrongly decided and is in direct opposition to the governing precedent of this Court and the Texas Supreme Court. Indeed, the *Nash* court cited precisely the same inapposite authority on which Lantana relies. None of the cases cited by the Nash court and Lantana even address the issue, much less stand for the proposition that a bare finding of breach of a restrictive covenant without any actual relief is sufficient to "prevail" and be entitled to attorney's fees.

- *Jim Rutherford Investments, Inc. v. Terramar Beach Community Association*, 25 S.W.3d 845, 853 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). The issue in this case was the reasonableness of the amount of fees, not who prevailed. Further, a permanent injunction was entered. Thus, the issue of whether a party prevails where it obtains no material relief was not raised or addressed.

14

- *Munson v. Milton*, 948 S.W.2d 813, 815 (Tex. App.—San Antonio 1997, pet. denied). This case did not even involve attorney's fees or what constitutes a prevailing party.

- *Briargrove Park Property Owners, Inc. v. Riner*, 867 S.W.2d 58, 61 (Tex. App.—Texarkana 1993, writ denied). In this case, the plaintiff was awarded money damages. Thus, the issue of whether a party prevails where it obtains no material relief was not raised or addressed.

- *City of Houston v. Muse*, 788 S.W.2d 419, 424 (Tex. App.—Houston [1st Dist.] 1990, no writ). In this case, a permanent injunction was awarded. Thus, the issue of whether a party prevails where it obtains no material relief was not raised or addressed.

- *Anderson v. New Property Owners' Association of Newport, Inc.*, 122 S.W.3d 378, 390 (Tex. App.—Texarkana 2003, pet. denied). Holding that a defending party is not entitled to fees.

- *Pebble Beach Property Owners' Association v. Sherer*, 2 S.W.3d 283, 291-92 (Tex. App.—San Antonio 1999, pet. denied). Holding that a defending party is not entitled to fees.

- *Inwood North Homeowners' Association, Inc. v. Meier*, 625 S.W.2d 742, 743-44 (Tex. Civ. App.—Houstion [1st Dist.] 1981, no writ). A permanent injunction was granted. Thus, the issue of whether a party prevails where it obtains no material relief was not raised or addressed.

These cases simply do not support or even suggest that a bare finding of breach where no relief is granted that materially alters the positions of the parties is sufficient. Courts exist to provide relief, not mere rhetorical vindication. Something must result from the determination of breach. Otherwise, the suit is just a waste of the parties' and court's time and resources that should not be encouraged by the availability of attorney's fees.

## CONCLUSION AND PRAYER

Appellant Mr. Tarr prays that the Court reverse the trial court's judgment and remand for trial on both the HOA's breach claim and Appellant's counterclaims.

15

Appellant further prays that the Court vacate the injunction and award of attorney's fees. Appellant also prays for such other and further relief to which he may be justly entitled.

Respectfully submitted,

*/s/ Matthew Ploeger*
Matthew Ploeger
State Bar No. 24032838
LAW OFFICE OF MATTHEW PLOEGER
901 S. Mopac Expressway, Suite 300
Barton Oaks Plaza, Building One
Austin, Texas 78746
P: 512.329.1926
F: 512.298.1787
Matthew@PloegerLaw.com
*Attorney for Appellant*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains 3,904 words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface.  In making this certificate of compliance, I have relied on the word count provided by the software used to prepare the document.

/s/ Matthew Ploeger
Matthew Ploeger

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true and correct copy of the foregoing Brief of Appellant on all counsel of record on June 8, 2015, as listed below:

Gregory B. Godkin                              *Via Electronic Service*
Roberts Markel Weinberg, PC
2800 Post Oak Blvd., 57th Floor
Houston, TX 77056
713.840.1666–telephone
713.840.9404–facsimile

/s/ Matthew Ploeger
Matthew Ploeger